United States District Court
District of Massachusetts

_____  )
                                     )
**IN RE: CELEXA AND LEXAPRO**        )
**MARKETING AND SALES PRACTICES**    )
**LITIGATION**                       )   MDL No.
                                     )   09-02067-NMG
**THIS DOCUMENT RELATES TO ALL**     )
**CASES**                            )
                                     )
_____  )

**PRETRIAL ORDER NO. 1**

**GORTON, J.**

WHEREAS the Judicial Panel on Multidistrict Litigation (hereinafter, the "Panel") has transferred to this Court for coordinated or consolidated pretrial proceedings those actions identified in Exhibit A hereto ("the Actions") relating to the marketing and sales of the pharmaceutical products Celexa and/or Lexapro by defendants Forest Pharmaceuticals, Inc. and Forest Laboratories, Inc. (hereinafter, "the Defendants"); and

WHEREAS, in order to promote judicial economy and avoid duplication, Plaintiffs have requested the Court to provide for the coordination of the Actions and any other related "Tag-Along" Actions that may later be filed in or transferred into this District, and for an organization of Plaintiffs' counsel;

NOW THEREFORE,

IT IS this 30th day of December, 2009 ORDERED as follows:

1. **COORDINATION OF ACTIONS**

    The Actions (each of which asserts similar claims against

Defendants) and any related Tag-Along Actions later filed or transferred into this District shall be coordinated for all pre-trial purposes ("the Coordinated Actions"), subject to any subsequent orders of the Court.

## 2. **MASTER DOCKET**

The Master Docket for the Coordinated Actions is MDL No. 09-02067-NMG.  Entries in the Master Docket shall be applicable to the Coordinated Actions as more fully set forth below. Separate dockets shall be maintained for each of the actions comprising the Coordinated Actions and entries shall be made therein in accordance with the regular procedures of the Clerk of the Court, except as modified by this Order.  This pretrial coordination does not constitute a determination that any of these actions should be consolidated for trial, nor does it have the effect of making any entity a party to any action in which he, she or it has not been named, served or added in accordance with the Federal Rules of Civil Procedure.

## 3. **MASTER FILE AND SEPARATE ACTIONS**

A Master File is hereby established for the Coordinated Actions.  The Master File shall be MDL No. 09-02067-NMG.  The original of this Order shall be filed by the Clerk of the Court in the Master File herein established.  The Clerk of Court shall maintain a separate file for each of the actions comprising the Coordinated Actions and filings shall be made therein in

accordance with the regular procedures of the Clerk of Court except as modified by this Order.  The Clerk of Court shall file a copy of this Order in each such separate file.

**4.     CAPTION OF CASES**

A.   Every pleading filed in the Coordinated Actions shall bear the following caption:

```
_____
                              )
IN RE: CELEXA AND LEXAPRO     )
MARKETING AND SALES PRACTICES )
LITIGATION                    )      MDL No.
                              )      09-02067-NMG
THIS DOCUMENT RELATES TO:     )
_____)
```

All papers previously filed and served to date in any of the actions coordinated herewith are deemed part of the record in the Coordinated Actions.

B.   When a pleading or other court paper filed in the Coordinated Actions is intended to apply to all actions therein, the words "All Actions" shall appear immediately after the words "THIS DOCUMENT RELATES TO" in the caption set out above. When a pleading or other court paper is intended to be applicable only to one, or some, but not all of the Coordinated Actions, the party filing the document shall indicate in the caption above the action(s) to which the document is intended to apply and shall do so by identifying the last name of the named plaintiff(s) and the docket number(s) of the actions.

5.    **FILING AND DOCKETING**

A.   When a paper is filed and the caption, pursuant to Section 4.B. above, shows that it is to be applicable to "All Actions," such paper shall be filed in the Master File and the Clerk shall note such filing in the Master Docket, along with a notation that the document applies to "All Actions." Such papers shall also be filed, and docket entries shall be made, in the file and docket of each individual action.

B.   When a paper is filed and the caption, pursuant to Section 4.B. above, shows that it is applicable to fewer than all of the Coordinated Actions, such paper shall be filed in the Master File and in the file of each specific action to which the paper is intended to apply and the Clerk shall note such filing in the Master Docket and in the docket of each such action. The entry on the Master Docket shall list the case or cases to which the document applies.

6.    **APPLICATION OF THIS ORDER TO SUBSEQUENTLY FILED OR TRANSFERRED CASES**

Counsel in the Coordinated Actions shall call to the attention of the Court the filing or transfer into this District of any related action arising out of similar facts and circumstances and that therefore might properly be coordinated with the Coordinated Actions. Counsel in the Coordinated Actions shall promptly mail a copy of this Order to counsel for the plaintiff(s) in each such subsequently filed or transferred

related action and to counsel for any defendants in each such action not already a party to any action previously coordinated. Promptly thereafter, upon notice to counsel for the parties in each such action, counsel for Plaintiffs in the Coordinated Actions and counsel for Defendants shall submit to the Court a proposed order consolidating any such action.  Any party objecting to the application of this order to such a subsequently filed or transferred action shall, within twenty (20) days after the date upon which such a copy of this order is mailed by counsel in the Coordinated Actions to counsel for such party, file a motion seeking relief from this order.

**7.     ORGANIZATION OF COUNSEL**

Fed. R. Civ. P. 23(g) provides that even before motions to certify a class have been filed, the Court may designate interim class counsel to represent the interests of the alleged class in initial proceedings, including the filing of a consolidated complaint, scheduling, compliance with Rule 26, initial motion practice and discovery.  See Manual for Complex Litigation, Fourth ("Manual") § 21.11 (2004) (when "a number of lawyers may compete for class counsel appointment," the "designation of interim counsel clarifies responsibility for protecting the interests of the class during pre-certification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating

settlement.")

It is common practice for courts to designate interim class counsel prior to the filing of a consolidated complaint. See, e.g., In re Hannaford Bros. Co. Customer Data Sec. Breach Litigation, 252 F.R.D. 66, 67 (D. Me. 2008) (in appointing interim co-lead counsel, Court noted that "In this consolidated case, efficiency and effectiveness suggest the need for one leadership structure to lead the plaintiffs' approach prior to certification"); In re Korean Airlines Antitrust Litigation, MDL No. 1891 (C.D. Cal.) (appointing co-lead interim class counsel before any ruling by the Judicial Panel on Multidistrict Litigation as to pre-trial consolidation and transfer of cases filed in different districts).

The most common means of selecting class counsel is the "private ordering" approach. Manual, § 21.272. Efforts of plaintiffs' counsel to coordinate their activities among themselves are to be encouraged. Manual, § 10.22.

Here, counsel for plaintiffs in these proceedings have met and conferred and have agreed among themselves to the organization of Plaintiffs' counsel. The Court hereby adopts the organization of Plaintiffs' counsel agreed to by counsel for Plaintiffs, as set forth below. The organizational structure of Plaintiffs' counsel established in this order herein shall apply to Plaintiffs' counsel in the Coordinated Actions and any other

related action filed and coordinated hereafter unless countermanded by this Court for good cause shown by any such plaintiff's counsel.

### A. Plaintiffs' Steering Committee Members

The Court designates and appoints the following counsel as Steering Committee Members and to act on behalf of Plaintiffs as set forth herein:

> **Chair:**
> **Thomas M. Sobol**
> HAGENS BERMAN SOBOL SHAPIRO LLP
> 55 Cambridge Parkway, Suite 301
> Cambridge, Massachusetts 02142
> Tel: (617) 482-3700
> Fax: (617) 482-3003
> Tom@hbsslaw.com
>
> **Other Members of PSC:**
> **James R. Dugan, II**
> MURRAY LAW FIRM
> 650 Poydras Street, Suite 2150
> New Orleans, LA 70130
> Tel: (504) 648-0180
> Fax:(504) 648-0181
> jdugan@dugan-lawfirm.com
>
> **Christopher L. Coffin**
> PENDLEY, BAUDIN & COFFIN, L.L.P.
> P.O. Drawer 71
> Plaquemine, Louisiana 70765
> Phone: (225) 687-6396
> Fax: (225) 687-6398
> ccoffin@pbclawfirm.com

### B. Interim Third Party Payor Class Counsel

The Court designates the following counsel as Interim Third Party Payor Class Counsel and to act on behalf of Plaintiffs as

set forth herein:[1]

>    **James R. Dugan, II**
>    MURRAY LAW FIRM
>    650 Poydras Street, Suite 2150
>    New Orleans, LA 70130
>    Tel: (504) 648-0180
>    Fax:(504) 648-0181
>    jdugan@dugan-lawfirm.com

### C. <u>Non-Class Third Party Payor Counsel</u>

The Court designates the following counsel as Non-Class Counsel for Third Party Payors and to act on behalf of Plaintiffs as set forth herein:

>    **Thomas M. Sobol**
>    HAGENS BERMAN SOBOL SHAPIRO LLP
>    55 Cambridge Parkway, Suite 301
>    Cambridge, Massachusetts 02142
>    Tel: (617) 482-3700
>    Fax: (617) 482-3003
>    Tom@hbsslaw.com

### D. <u>Interim Consumer Class Counsel</u>

The Court designates the following counsel as Interim Consumer Class Counsel and to act on behalf of Plaintiffs as set forth herein:[2]

---

[1] Third party payors are all entities that, for purposes other than resale, purchased, reimbursed and/or paid for all or part of the cost of the products at issue. Such entities include insurance companies, union health and welfare benefit plans, entities with self-funded plans and private entities paid by any government entity to provide prescription drug benefits.

[2] Class consumers are all individuals who, for purposes other than resale, purchased (i.e., paid or made a "non-flat" co-payment for some or all of the purchase price) the products at issue.

        **Stephen A. Swedlow**
        KOREIN TILLERY
        205 N. Michigan Ave., Suite 1940
        Chicago, IL 60601
        Tel: (312) 899-5063
        Fax: (312) 641-9555
        sswedlow@koreintillery.com

**E.** **Admission of Attorneys**

Each attorney not a member of the bar of this Court who is acting as counsel for a plaintiff or defendant herein shall be deemed admitted pro hac vice to practice before this Court in connection with these proceedings, provided that Rule 83.5.3 of the Local Rules for the United States District Court for the District of Massachusetts is satisfied by each such attorney. The Chair of the Steering Committee and counsel for Defendants shall provide the Court with a list of counsel for each party, identifying primary counsel and local counsel, if any, and the party such counsel represents.

**8.** **RESPONSIBILITIES OF STEERING COMMITTEE MEMBERS, INTERIM CONSUMER CLASS COUNSEL AND THIRD PARTY PAYOR COUNSEL**

Counsel identified in the Section 7 above shall have the following duties and responsibilities:

**A.** **Responsibilities of Plaintiffs' Steering Committee Members**

1. Steering Committee Members shall have sole day-to-day responsibility for the conduct of the plaintiff parties to this litigation; shall determine how to prosecute the case and shall initiate, coordinate and supervise the efforts of Plaintiffs'

counsel in the areas of discovery, briefing, trial and settlement.

2. Steering Committee Members shall, in consultation with Third Party Payor Class Counsel, designate responsibilities for specific tasks to Plaintiffs' counsel in a manner a) to assure that pretrial preparation is conducted effectively, efficiently and economically, b) to ensure that Plaintiffs' counsel do not initiate duplicative or overlapping discovery or engage in duplicative or overlapping briefing, c) to maintain communications among counsel, and d) to monitor the activities of Plaintiffs' counsel to assure that schedules are met and unnecessary expenditures of time and money are avoided.

3. Steering Committee Members shall maintain the official service list of all plaintiffs and plaintiffs' counsel, including their addresses.

4. Steering Committee Members shall perform any additional functions that may be assigned by the Court. Agreements reached between Defendants and Steering Committee Members are binding on all Plaintiffs and their counsel unless countermanded by the Court for good cause shown by any party or his/her/its counsel. No discovery shall be served or initiated and no motion or brief shall be filed by any Plaintiff's counsel without the consent of Steering Committee Members, unless leave of Court is obtained.

5. Steering Committee Members will maintain a litigation

assessment and expense fund. Steering Committee Members shall also produce, for the Court's in camera review, a) within 21 days of the date of this Order (or from the date of any future agreements), all agreements between and among plaintiff's counsel relating to the division of fees and/or costs incurred and b) on July 15, 2010, and at six-month intervals thereafter, interim reports of fees and costs incurred by all counsel during the preceding six-month period, summarized by activity to the extent possible.[3] See Manual, §§ 21.272, 14.21, 10.224.

    6.    The Chair of the Steering Committee shall a) maintain and distribute to co-counsel and to Defendants' counsel an up-to-date service list, b) receive and, as appropriate, distribute to co-counsel orders from the Court and documents from Defendants and, as necessary, third parties.

    7.    Service of all papers filed with the Court shall be accomplished by e-filing and no other kind of service shall be required. Service of all papers that are not filed with the Court shall be accompanied by Plaintiffs serving Defendants' counsel, and by Defendants serving the Chair of the Steering Committee, as applicable, by either: (i) overnight mail service, (ii) telecopier or (iii) hand delivery. Whenever feasible, the

---

[3] The Court is cognizant that Steering Committee Members have represented to it that they will 1) equally tax all members to pay expenses, 2) manage and approve all common expenses and 3) maintain detailed records of expenditures.

serving party shall send courtesy copies, simultaneously via email in PDF format, to Defendants' counsel or to the Chair of the Steering Committee, as applicable.

**B.     Responsibilities of Third Party Payor Counsel**

1.     At the request and authorization of the Steering Committee Members, Interim Third Party Payor Class Counsel and/or Steering Committee Members (or members of their respective firms), shall have the following responsibilities:

> a) to initiate, coordinate and conduct all common benefits pretrial discovery on behalf of plaintiffs in all actions which are consolidated with the instant case;
>
> b) to develop and propose to the Court schedules for the commencement, execution and completion of all discovery on behalf of all plaintiffs;
>
> c) to cause to be issued in the name of all plaintiffs necessary discovery requests, motions and subpoenas pertaining to any witnesses and documents needed to prepare properly for the pretrial of relevant issues found in the pleadings of this litigation;
>
> d) to conduct all discovery in a coordinated and consolidated manner on behalf of and for the benefits of all plaintiffs;

    e)    to examine witnesses and introduce evidence at hearings on behalf of all plaintiffs;

    f)    to act as the spokesperson for all plaintiffs at pretrial proceedings and in response to any inquiries by the Court;

    g)    to submit and argue any motions to the Court and file any briefs in opposition to motions, on behalf of all plaintiffs, which involve matters within the sphere of the responsibilities of the Plaintiffs' Steering Committee;

    h)    to explore, develop and pursue all settlement options pertaining to the common benefit of all plaintiffs;

    i)    to maintain adequate files of all pretrial matters, including establishing and maintaining a document depository and having those documents available, under reasonable terms and conditions, for examination by all Plaintiffs or their attorneys; and

    j)    to perform such other functions as may be expressly authorized or directed by further order of this Court.

2.    Non-Class Third Party Payor Counsel shall have all of the same functions and responsibilities as Interim Third Party

Payor Class Counsel as delineated in Section 8.B.1., except for those matters solely affecting class certification.

    **C.**    **<u>Responsibilities of Interim Consumer Class Counsel</u>**

    1.    At the request and authorization of the Steering Committee Members, Interim Consumer Class Counsel and/or Steering Committee Members (or members of their respective firms), shall have the following responsibilities:

    a)    to initiate, coordinate and conduct all common benefits pretrial discovery on behalf of plaintiffs in all actions which are consolidated with the instant case;

    b)    to develop and propose to the Court schedules for the commencement, execution and completion of all discovery on behalf of all plaintiffs;

    c)    to cause to be issued in the name of all plaintiffs necessary discovery requests, motions and subpoenas pertaining to any witnesses and documents needed to prepare properly for the pretrial of relevant issues found in the pleadings of this litigation;

    d)    to conduct all discovery in a coordinated and consolidated manner on behalf of and for the benefits of all plaintiffs;

    e)    to examine witnesses and introduce evidence at

        hearings on behalf of all plaintiffs;

f) to act as the spokesperson for all plaintiffs at pretrial proceedings and in response to any inquiries by the Court;

g) to submit and argue any motions to the Court and file any briefs in opposition to motions, on behalf of all plaintiffs, which involve matters within the sphere of the responsibilities of the Plaintiffs' Steering Committee;

h) to explore, develop and pursue all settlement options pertaining to the common benefit of all plaintiffs;

i) to maintain adequate files of all pretrial matters, including establishing and maintaining a document depository and having those documents available, under reasonable terms and conditions, for examination by all Plaintiffs or their attorneys; and

j) to perform such other functions as may be expressly authorized or directed by further order of this Court.

## 9. **FILING AND SERVICE OF DOCUMENTS**

A. A copy of each Order in any of the Coordinated Actions will be provided to the Chair of the Steering Committee and to

Defendants' counsel of record.

B.  Filing and service of any document in the Coordinated Actions shall be effected pursuant to the Court's Standing Order relating to Electronic Case Filing Administrative Procedures.

**10.  MODIFICATION OF THIS ORDER**

This order may be modified or supplemented by the Court <u>sua sponte</u> or upon motion by any party for good cause shown.

**11.  COMMUNICATIONS WITH THE COURT**

All future communications with the Court shall be in the form of a notice, request, motion or other formal pleading (not in letter form) which will be appropriately served on all counsel of record and docketed by the Clerk.

**So ordered.**

>            /s/ Nathaniel M. Gorton
>            Nathaniel M. Gorton
>            United States District Judge

Dated December 30, 2009

## **EXHIBIT A**

<u>Jaeckel et al.</u> v. <u>Forest Pharmaceuticals, Inc. et al.</u>, Case No. 09-cv-11518-NMG

<u>New Mexico UFCW Union's and Employer's Health and Welfare Trust Fund</u> v. <u>Forest Laboratories, Inc. et al.</u>, Case No. 09-cv-11524-NMG

<u>Palumbo et al.</u> v. <u>Forest Laboratories, Inc. et al.</u>, Case No. 09-cv-11532-NMG

<u>Johndrow</u> v. <u>Forest Laboratories, Inc. et al.</u>, Case No. 09-cv-11538-NMG

<u>Anson</u> v. <u>Forest Laboratories, Inc. et al.</u>, Case No. 09-cv-11539-NMG

<u>Municipal Reinsurance Health Insurance Fund et al.</u> v. <u>Forest Laboratories, Inc. et al.</u>, Case No. 09-cv-12070-NMG