# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| In re: | : | MDL No. 2067 |
| | : | |
| | : | Master Docket No. 09–MD–2067 (NMG) |
| CELEXA AND LEXAPRO MARKETING | : | |
| AND SALES PRACTICES LITIGATION | : | Judge Nathaniel M. Gorton |
| | : | |
| THIS DOCUMENT RELATES TO: | : | Magistrate Judge Judith G. Dein |
| | : | |
| *Wilcox v. Forest Laboratories, et al.* | : | |
| 10–cv–10154–NMG | : | |
| | : | |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE SECOND AMENDED *WILCOX* COMPLAINT

SUGARMAN, ROGERS, BARSHAK
& COHEN, P.C.
101 Merrimac Street
Boston, MA  02114
Tel.:  (617) 227–3030
Fax.: (617) 523–4001

DEBEVOISE & PLIMPTON LLP

919 Third Avenue
New York, NY  10022
Tel.:  (212) 909–6000
Fax.:  (212) 909–6836

*Of counsel*:

Natasha C. Lisman (BBO # 301700)
William F. Benson (BBO # 646808)
lisman@srbc.com
benson@srbc.com

*Of counsel*:

Edwin G. Schallert
Andrew J. Ceresney
Kristin D. Kiehn
Bryan P. Kessler
egschall@debevoise.com
ajceresn@debevoise.com
kdkiehn@debevoise.com
bpkessle@debevoise.com

*Attorneys for Defendants Forest Laboratories, Inc.
and Forest Pharmaceuticals, Inc.*

## <u>TABLE OF CONTENTS</u>

Page

PRELIMINARY STATEMENT...................................................................................................1

STATEMENT OF FACTS AND ALLEGATIONS.........................................................................3

ARGUMENT.............................................................................................................................5

      **I.**     Plaintiff's Claims Are Time-Barred Because He Fails to Plead Any Basis for Applying the Discovery Rule to Toll His Claims.................................................5

      **II.**    The Court's Dismissal Should be with Prejudice. ...................................................9

CONCLUSION..........................................................................................................................9

# TABLE OF AUTHORITIES

CASES

*Aryeh v. Canon Bus. Solutions, Inc.*,
  111 Cal. Rptr. 3d 211 (Cal. Ct. App. 2010)................................................................2

*Berard v. Town of Millville*,
  113 F. Supp. 2d 197 (D. Mass. 2000).......................................................................9

*Boroian v. Mueller*,
  616 F.3d 60 (1st Cir. 2010) .......................................................................................3

*Bradler v. Craig*,
  79 Cal. Rptr. 401 (Cal. Ct. App. 1969) ....................................................................7

*Casualty Ins. Co. v. Rees Inv. Co.*,
  92 Cal. Rptr. 857 (Cal. Ct. App. 1971) ................................................................6, 7

*Doe v. Roman Catholic Bishop of Sacramento*,
  189 Cal. App. 4th 1423 (Cal. Ct. App. Nov. 10, 2010) .......................................6, 7

*El Pollo Loco, Inc. v. Hashim*,
  316 F.3d 1032 (9th Cir. 2003)....................................................................................6

*Hobart v. Hobart Estate Co.*,
  159 P.2d 958 (Cal. 1945)............................................................................................6

*Salenga v. Mitsubishi Motors Credit of Am., Inc.*,
  107 Cal. Rptr. 3d 836 (Cal. Ct. App. 2010) .............................................................2

*Taponga v. Egan*, 141 F.R.D. 370
  (D. Mass. 1992)...........................................................................................................9

*Yumul v. Smart Balance, Inc.*,
  No. 10–civ–00927, 2010 WL 3359663 (C.D. Cal. May 24, 2010) .......................6, 7


STATUTES

Cal. Bus. & Prof. Code §§ 17200–17209 (West 2010)......................................................2

Cal. Bus. & Prof. Code §§ 17500–17509 (West 2010)......................................................2

Defendants Forest Laboratories, Inc. ("Forest Labs") and Forest Pharmaceuticals, Inc. ("Forest Pharmaceuticals") (together "Forest" or "Defendants") respectfully submit this memorandum of law in support of their motion to dismiss as time-barred the Second Amended Complaint captioned *Wilcox v. Forest Laboratories, et al.* ("*Wilcox*") (No. 10–CV–10154–NMG) ("Second Am. Compl.").[1]

## PRELIMINARY STATEMENT

This action is brought by an individual consumer seeking to certify a class of California consumers who, after July 25, 2003, purchased the antidepressant Celexa and/or one of its generic equivalents for children.  Plaintiff alleges economic injury and brings claims under the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200–17209 (West 2010), and the California False Advertising Law ("FAL"), *id*. §§ 17500–17509 (West 2010). (Second Am. Compl. ¶ 81.)

Plaintiff's Second Amended Complaint is time-barred because he does not allege – even in conclusory fashion – that Plaintiff "reasonably" did not discover Forest's alleged misrepresentations until February 2009.  To the contrary,  Plaintiff alleges several disclosures years earlier that placed both Plaintiff and his physician on notice of the alleged misrepresentations – including a 2004 article in *The New York Times*, a 2004 Forest press release, and the package insert that accompanied Celexa starting in early 2005, all of which disclosed the very same information that Plaintiff now alleges was concealed.

On November 10, 2010, this Court dismissed Plaintiff's First Amended Complaint without prejudice on the ground that Plaintiff's claims are time-barred.  ("Memorandum &

---

[1]    A copy of the Second Amended Complaint is attached as Exhibit A to the Declaration of Bryan P. Kessler in Support of Defendants' Motion to Dismiss the Second Amended *Wilcox* Complaint, dated December 13, 2010 ("Kessler Decl.").

Order.")[2]  In its Memorandum and Order dismissing the First Amended Complaint, this Court held that Plaintiff's "claim under the UCL and FAL would be time-barred" absent application of the discovery rule.  (Memorandum & Order at 22.)  The Court further held that, "[b]ecause the discovery rule is an exception to the general rule, the plaintiff has the burden of pleading and proving that he reasonably did not discover the alleged misconduct until within the statute of limitations period."  (*Id.*) The Court thus held that "Wilcox must allege that he reasonably did not discover Forest's misrepresentations until after" December 23, 2006 (for the FAL claim) or December 23, 2005 (for the UCL claim), but that he "fails to do so."  (*Id.* at 22-23.)  The Court therefore dismissed the complaint without prejudice.[3]

On November 19, 2010, Plaintiff filed the Second Amended Complaint, which added a single allegation that Plaintiff discovered the alleged misconduct through a *New York Times* article published in February 2009.  Defendants now move to dismiss the Second Amended Complaint because it fails completely to allege any facts that satisfy the discovery rule, which would toll Plaintiff's untimely claims.  Not only does Plaintiff fail to allege that he reasonably could not have discovered the basis for his claims earlier – a legal requirement for application of the discovery rule – but he also fails completely to allege facts that would support such an allegation.  To the contrary, his complaint describes several forms of notice that unquestionably

---

[2]   A copy of the Memorandum & Order, dated November 10, 2010 ("Memorandum and Order") is attached as Exhibit B to the Kessler Decl.

[3]   Defendants respectfully disagree with the Court's conclusion that the discovery rule is available to toll Plaintiff's claims under the UCL and FAL, *see, e.g.*, *Aryeh v. Canon Bus. Solutions, Inc.*, 111 Cal. Rptr. 3d 211, 216 (Cal. Ct. App. 2010) (explaining that the discovery rule does not apply to a cause of action under the UCL and that a claim "accrues when the defendant's conduct occurs, not when the plaintiff learns about the conduct"); *Salenga v. Mitsubishi Motors Credit of Am., Inc.*, 107 Cal. Rptr. 3d 836, 841 (Cal. Ct. App. 2010) (holding that the discovery rule "does not apply to unfair competition actions"), but given the Court's earlier ruling, Defendants assume, for purposes of this motion *only*, that the discovery rule can be applied in this case.

put him on at least constructive, if not actual, notice of his claims long before the expiration of the limitations period.  These include an earlier *New York Times* article, which described the results of the very pediatric study that Plaintiff claims was concealed as showing that Celexa "did not help depressed adolescents any more than a placebo"; a Forest press release containing similar information; and the package insert for Celexa, which described the results of this study. Because the Complaint's bare assertion that Plaintiff "did not know" about Defendants' alleged misrepresentations until 2009 (Second Am. Compl. ¶ 92) does not equate to an allegation that he "reasonably did not know" of them, and because the discovery rule does not apply if Plaintiff "should have known of the wrongful conduct at issue," (Memorandum & Order at 22)  (which, based on the public disclosures alleged in the Complaint, is unquestionably prior to December 23, 2005), Plaintiff's claims are time-barred and should be dismissed.

Further, because Plaintiff now has had the opportunity to amend his complaint twice in response to Defendants' arguments for dismissal, it is plain that any further amendment would be futile.  Defendants therefore request that the Court dismiss the Second Amended Complaint *with prejudice*.

### STATEMENT OF FACTS AND ALLEGATIONS[4]

Plaintiff's central allegation is that Forest allegedly disseminated to physicians and caused others to disseminate to physicians false and misleading information by publicizing in certain limited ways a positive clinical study concerning Celexa for the treatment of pediatric depression (the "Wagner study"), while failing to publicize the results of an allegedly negative or inconclusive study (the "Lundbeck study"), which Plaintiff claims "raised serious questions

---

[4]   The Second Amended Complaint's well-pleaded factual allegations are accepted as true solely for the purposes of Defendants' motion to dismiss, except to the extent they are contradicted by documents cited in the complaint.  *See Boroian v. Mueller*, 616 F.3d 60, 64 (1st Cir. 2010).

3

about the efficacy and safety of Celexa" for pediatric patients.  (Second Am. Compl. ¶¶ 16–17, 39.)[5]  As the Second Amended Complaint makes clear, the facts supporting these allegations were well-publicized in three ways long before December 2005:  (*i*) a June 2004 article in *The New York Times*; (*ii*) a June 2004 Forest press release; and (*iii*) changes to Celexa's labeling in early 2005.

*First*, on June 21, 2004, *The New York Times* published a story disclosing "the negative results of the Lundbeck study."  (*Id*. ¶ 37.)  The article asserted that the Lundbeck study showed that Celexa "did not help depressed adolescents any more than a placebo" and that Celexa "was 'unlikely to produce a 'clinically important reduction in depressive symptoms.'"  (Barry Meier, Medicine's Data Gap—Journals in a Quandary; A Medical Journal Quandary: How to Report on Drug Trials, *The New York Times* (June 21, 2004).)[6]  The article also discussed the alleged practice of drug companies, including Forest, of showcasing positive test results while minimizing negative study findings.  (Second Am. Compl. ¶ 37.)

*Second*, three days later, on June 24, 2004, Forest Labs issued a press release "acknowledging the existence of the Lundbeck study and its finding that Celexa 'did not show efficacy versus placebo.'"  (*Id*. ¶ 38.)[7]

*Third*, in early 2005, Celexa's package insert was modified to include the information that already had been publicized, including reference to the Lundbeck study:  "**Two placebo-**

---

[5]   The basic facts and allegations are recounted in this Court's Memorandum & Order, and in the consolidated Statement of Facts and Allegations in Defendants' brief filed July 9, 2010, in support of their motions to dismiss the complaints in *Jaeckel, et al. v. Forest Pharmaceuticals, Inc., et al.* (No. 09–CV–11518–NMG) and *Palumbo, et al. v. Forest Laboratories, Inc., et al.* (No. 09–CV–11532–NMG) ("Defendants' Amended Consumer Brief").

[6]   A copy of the 2004 *New York Times* article is attached as Exhibit C to the Kessler Decl.

[7]   A copy of the June 24, 2004 press release, available at http://www.frx.com/news/PressRelease.aspx?ID=585078, is attached as Exhibit D to Kessler Decl.

**controlled trials in 407 pediatric patients with [depression] have been conducted with Celexa, and the data were not sufficient to support a claim for use in pediatric patients**." (*Id*. ¶ 24)  Thus, as of February 2005, Celexa's package label described both studies and plainly stated that the clinical data were insufficient to establish efficacy in pediatric patients.  Also in early 2005, following a public health advisory and direction from the FDA about the potential for worsening depression or emergence of suicidality in adult and pediatric patients taking antidepressants, Forest added a black-box warning to the package insert for Celexa alerting "physicians about the potential for increased risk of suicidality in children and adolescents taking [antidepressants]."  (*Id*. ¶ 22–23.)

Plaintiff, a California citizen, alleges that he paid for Celexa for his minor child beginning on or about July 25, 2003.  (*Id.* ¶¶ 6, 88, 68)  He seeks damages for purchases made through 2009 – four years *after* Celexa's label was changed and four-and-a-half years after Forest's press release and the *New York Times* article announced the results of the allegedly concealed Lundbeck study.

## ARGUMENT

### I.   Plaintiff's Claims Are Time-Barred Because He Fails to Plead Any Basis for Applying the Discovery Rule to Toll His Claims.

In its Memorandum & Order dismissing the First Amended Complaint, this Court concluded that claims under the UCL and FAL "accrue[] upon the occurrence of the initial conduct," which in this case was more than four years prior to the filing of Plaintiff's suit in December 2009.  (Memorandum & Order at 22.)  Thus, the claims would be time-barred unless the discovery rule can properly be invoked to toll the statute of limitations.

Under the discovery rule, the commencement of the time period for bringing a cause of action is tolled "until the plaintiff 'knew or should have known of the wrongful conduct at

5

issue.'" (Memorandum & Order at 22 (quoting *El Pollo Loco, Inc. v. Hashim*, 316 F.3d 1032,

1039 (9th Cir. 2003).)   The date when plaintiffs "should have known" of the allegedly wrongful

conduct is when plaintiffs had notice or information of circumstances "to put them *on inquiry* or

if they have the *opportunity to obtain knowledge* from sources open to their investigation." *Doe*

*v. Roman Catholic Bishop of Sacramento*, 189 Cal. App. 4th 1423, 2010 WL 4489644, at *5

(Cal. Ct. App. Nov. 10, 2010) (internal quotation marks omitted).   Courts have imposed a duty

upon plaintiffs "to exercise diligence to discover the facts" because otherwise the discovery rule

would give a plaintiff "an unlimited period to sue if he could establish ignorance of the facts."

*Casualty Ins. Co. v. Rees Inv. Co.*, 92 Cal. Rptr. 857, 859 (Cal. Ct. App. 1971); *see also Doe*,

2010 WL 4489644, at *4 (noting that one of the purposes of the statute of limitations is to

"stimulate[] plaintiffs to pursue their claims diligently").

   As this Court held, to invoke the discovery rule, "plaintiff has the burden of pleading and

proving that he reasonably did not discover the alleged misconduct until within the statutes of

limitations period," which for the UCL claim began to run on December 23, 2005 (four years

before he filed suit), and for the FAL claim began to run on December 23, 2006 (three years

before he filed suit).   (Memorandum & Order at 22–23 (citing *Hobart v. Hobart Estate Co.*, 159

P.2d 958, 972 (Cal. 1945)).)   To meet this requirement, a plaintiff must "specifically plead facts

which show (1) the time and manner of discovery and (2) the inability to have made earlier

discovery despite reasonable diligence." *Yumul v. Smart Balance, Inc.*, No. 10–civ–00927, 2010

WL 3359663, at *10 (C.D. Cal. May 24, 2010); *see also Doe*, 2010 WL 4489644, at *4.   In other

words, "plaintiff must plead . . . the facts showing . . . [l]ack of means of obtaining knowledge,"

so that "in the exercise of reasonable diligence the facts could not have been discovered at an

earlier date." *Casualty Ins. Co.*, 92 Cal. Rptr. at 859 (finding that statute had run where plaintiff

was "in possession of the leased premises and of the books of the company" and hence "in a position to discover the [injurious] facts concerning the lease").

"The burden is on the plaintiff to show diligence, and conclusory allegations" will not withstand a motion to dismiss. *Yumul*, 2010 WL 3359663, at *10 (dismissing claims based on alleged misrepresentations for "failure to allege facts that would support a finding that the limitations period was tolled due to delayed discovery"); *Doe*, 2010 WL 4489644, at *7 (affirming complaint's dismissal where plaintiff was on notice of potential injury for twenty years); *Casualty Ins. Co.*, 92 Cal. Rptr. at 859 (dismissing complaint because plaintiff failed to plead adequate factual basis for application of discovery rule); *Bradler v. Craig*, 79 Cal. Rptr. 401, 405 (Cal. Ct. App. 1969) (dismissing complaint as barred by the statute of limitations because it contained only conclusory assertions that delay in discovery was reasonable).

The Court dismissed Plaintiff's First Amended Complaint without prejudice because Plaintiff failed to satisfy his pleading burden.  (Memorandum & Order at 23.)  Plaintiff then filed the Second Amended Complaint and added the factual allegation he "was unaware of Defendants' conduct, and did not know about any of Defendants' activities . . . until reading an article appearing in *The New York Times* on or about February 25, 2009," (Second Am. Compl. ¶ 92), and that "prior to February 25, 2009, Plaintiff had no knowledge of any fact, act, or omission by Defendants that could potentially give rise to either a UCL or FAL claim."  (*Id.*)

While the Second Amended Complaint now alleges the date on which Plaintiff claims he first learned of Defendants' misconduct, it fails to allege any facts establishing that Plaintiff "reasonably did not discover the alleged misconduct until within the statutes of limitations period," (Memorandum & Order at 22), and therefore the discovery rule should not be applied to toll the statute of limitations.  The Second Amended Complaint merely inserts the date of

7

Plaintiff's alleged discovery on February 25, 2009, when Plaintiff read a *New York Times* article, and states in conclusory fashion that Plaintiff was unaware before that time.  However, it fails to include any allegation – either specific or conclusory –  that he reasonably could not have discovered the basis for his claims sooner, nor does it allege that there was any ongoing concealment or other circumstances that prevented Plaintiff from discovering the basis for his claims until 2009.

To the contrary, the Second Amended Complaint alleges facts that establish the opposite – that Plaintiff reasonably could have discovered the factual basis for his claims more than five years before he filed his complaint, whether through reading the very same newspaper that gave him notice of his claims in 2009 or by reading the package insert accompanying the drug he purchased for his son.  As this Court noted, Plaintiff alleges that the facts about the Lundbeck study were hidden from the public *until June 2004*, when they were announced through issuance of a Forest press release and publication of a *New York Times* article.  (Memorandum & Order at 22.)  The Second Amended Complaint also acknowledges that, since early 2005, Celexa's product label has contained (*i*) an explicit statement that the drug is not FDA-approved as safe and effective for pediatric patients; (*ii*) a description of the negative Lundbeck study; and (*iii*) a black-box warning about the potential for suicidality in pediatric patients taking antidepressants. (Second Am. Compl. ¶ 22–24.)  Despite these public disclosures, detailed in Plaintiff's own complaint, he offers no explanation for why he (or his physician) could not reasonably have discovered the factual basis for his claims earlier, either by reading the package label, the press release, or the *New York Times* article – the very newspaper that later gave Plaintiff notice of his claims.  (Second Am. Compl. ¶¶ 24, 37, 38, 92.)

In sum, the Second Amended Complaint fails to supply any basis for using the discovery rule to toll Plaintiff's claims, and those claims should be dismissed.

## II.  The Court's Dismissal Should be with Prejudice.

The  dismissal of the Second Amended Complaint should be with prejudice.  Having now had two opportunities to amend his complaint, it plainly would be futile to permit Plaintiff any additional opportunity to amend.  The Court specifically instructed Plaintiff on what he must allege to render his claims timely, and he failed to do so.  Where amendment would be futile, "the district court should not needlessly prolong matters" by dismissing without prejudice. *Berard v. Town of Millville*, 113 F. Supp. 2d 197, 203–04 (D. Mass. 2000) (Gorton, J.) (citation omitted); *Taponga v. Egan*, 141 F.R.D. 370, 373 (D. Mass. 1992) (denying leave to amend a second time where plaintiffs "had ample opportunity to allege any facts" that would support their claims").

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court grant their motion to dismiss with prejudice the Second Amended Complaint on the basis that Plaintiff's claims are time-barred.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

Dated:    December 13, 2010                          Respectfully submitted,


                                                     /s/ Andrew J. Ceresney


SUGARMAN, ROGERS, BARSHAK                            DEBEVOISE & PLIMPTON LLP
& COHEN, P.C.
101 Merrimac Street                                  919 Third Avenue
Boston, MA  02114                                    New York, NY  10022
Tel.:  (617) 227–3030                                Tel.:  (212) 909–6000
Fax.: (617) 523–4001                                 Fax.:  (212) 909–6836


*Of counsel*:                                        *Of counsel*:

Natasha C. Lisman (BBO # 301700)                     Edwin G. Schallert
William F. Benson (BBO # 646808)                     Andrew J. Ceresney
lisman@srbc.com                                      Kristin D. Kiehn
benson@srbc.com                                      Bryan P. Kessler
                                                     egschall@debevoise.com
                                                     ajceresn@debevoise.com
                                                     kdkiehn@debevoise.com
                                                     bpkessle@debevoise.com

                                                     *Attorneys for Defendants Forest Laboratories, Inc.*
                                                     *and Forest Pharmaceuticals, Inc.*


                                    10

<u>CERTIFICATE OF SERVICE</u>

I, Andrew J. Ceresney, hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on December 13, 2010.


<u>/s/ Andrew J. Ceresney</u>
Andrew J. Ceresney