**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| In re: | MDL No. 2067 |
| CELEXA AND LEXAPRO MARKETING AND SALES PRACTICES LITIGATION | Master Docket No. 09–MD–2067 (NMG) |
|  | Judge Nathaniel M. Gorton |
| THIS DOCUMENT RELATES TO: RUTH DUNHAM and TANYA SHIPPY, ET AL. |  |

**JOINT MOTION FOR PRELIMINARY APPROVAL OF**
**CLASS SETTLEMENT AND NOTICE PLAN**

Plaintiffs and Defendants in the above-captioned action, by and through their attorneys, hereby move pursuant to Rule 23 of the Federal Rules of Civil Procedure for entry of an Order: (*i*) certifying the Class as a Settlement Class; (*ii*) appointing the Representative Plaintiffs as Class Plaintiffs and the law firms Pendley, Baudin & Coffin L.L.P. and Baum, Hedlund, Aristei & Goldman P.C. as Class Settlement Counsel; (*iii*) granting preliminary approval of the proposed class action settlement ("Class Settlement"); (*iv*) scheduling a fairness hearing and establishing all related deadlines; (*v*) directing that notice be provided to the Class in accordance with the Notice Plan; and (*vi*) entering an Order preliminarily enjoining Class Members who have not opted out and other persons from pursuing actions that assert claims based on or relating to the claims to be released pursuant to the Class Agreement.

In support thereof, the parties state as follows:

1.      Plaintiffs and Defendants have executed a Class Settlement Agreement ("Class Agreement"), dated March 12, 2014, which provides for the payment into a Common Fund by

the Defendants of a minimum of seven million six hundred fifty thousand dollars

($7,650,000.00) and a maximum of ten million three hundred fifty thousand dollars

($10,350,000).  The Common Fund will be inclusive of all payments to Class Members as well

as court-awarded fees and costs, notice and administration costs, and incentive awards to the

Class Plaintiffs, as described in the Class Agreement.  Payment will be made from the Common

Fund to all individual and third-party payor ("TPP") purchasers of Celexa® and Lexapro® for

use by a minor under the age of 18 years ("Minor"), as more fully described in the Class

Agreement.

2.      The settlement outlined in the Class Agreement is fair, reasonable, and adequate,

as well as in the best interests of the Class.  Notification to the Class of the details of the Class

Settlement is therefore appropriate, as is the scheduling of a fairness hearing.  A [Proposed]

Order Granting Preliminary Approval of Settlement, Directing Notice to the Class, and

Scheduling Fairness Hearing ("Preliminary Approval Order") is attached as Exhibit A to the

Class Agreement.

3.      Plaintiffs submit a proposed Notice Plan designed by Epiq Systems, which is

attached as Exhibit 1 to the Declaration of Christopher L. Coffin in Support of This Joint Motion

for Preliminary Approval of Class Settlement and Notice Plan ("Notice Plan").

4.      Pursuant to the Notice Plan, (*i*) a detailed Settlement Notice, substantially in the

form set forth as Exhibit B to the Class Agreement (the "Long-Form Notice"), will be mailed to

Class Members who can be identified with reasonable diligence or who have requested a copy;

(*ii*) a Summary Notice of Pendency of Class Action, Proposed Settlement and Fairness Hearing

("Summary Notice"), substantially in the form set forth as Exhibit C to the Class Agreement,

will be published; and (*iii*) the Long-Form Notice, Summary Notice, Class Agreement, and all

claim forms and instructions thereto will be published on the website established for purposes of this Settlement.

5.      Plaintiffs request the appointment of Epiq Systems as the Claims Administrator. The Claims Administrator's responsibilities include: (*i*) establishing a post office box and toll-free telephone number (to be included on both the Summary and Long-Form Notices) for purposes of communication with Class Members; (*ii*) developing and maintaining a website for purposes of posting the Class Agreement, Summary Notice, Long-Form Notice, and related documents; (*iii*) accepting and maintaining all documents sent from Class Members relating to claims administration, including claim forms and exclusion requests; and (*iv*) administering claims submitted by Class Members.

6.      The parties respectfully submit that the proposed Notice Plan meets the requirements of Fed. R. Civ. P. 23, comports with due process, and constitutes due, adequate, and sufficient notice to all Class Members.  The Court should therefore approve the form and content of the Summary Notices and Long-Form Notice, direct Class Counsel to implement the Notice Plan, and send notice to the Class.

7.      The parties also respectfully request that the Court schedule a fairness hearing and establish deadlines for:  filing requests for exclusion from the Class, filing objections to the proposed Settlement, filing claims forms, and filing an application for fees and costs by Class Counsel, among other deadlines.  The Parties have included a proposed schedule below to provide the Court with a timeline for the various steps in the settlement approval process.

| EVENT | DEADLINE |
|---|---|
| Motion for Preliminary Approval filed | March 12, 2014 |
| Notice and Claim Forms to be posted on Internet and 1-800 number | _____ (Within 45 days after entry of |

| | |
|---|---|
| goes live | Preliminary Approval Order) |
| Notice and Claim Forms to be mailed | _____<br>(Within 45 days after entry of the Preliminary Approval Order) |
| Summary Notice to be published | _____<br>(Within 45 days after entry of the Preliminary Approval Order) |
| Postmark deadline for Requests for Exclusion | _____<br>(45 days after first day of publication notice) |
| Postmark deadline for Objections | _____<br>(45 days after first day of publication notice) |
| Counsel for an objector who intends to appear at the Final Fairness Hearing must file notice of appearance with the Court | _____<br>(10 business days after the objection is postmarked) |
| Deadline for Filing Motion for Attorneys' Fees, Expenses, and Class Representative Incentive Awards, and responding to objections | _____<br>(7 days before Final Fairness Hearing) |
| Final Fairness Hearing | _____<br>(30 calendar days after deadline for class members to mail objections and requests for exclusion) |
| Postmark deadline for filing claims | _____<br>(9 months after first day of publication notice) |

8.     In order to effectuate the purposes of the Class Agreement, and pursuant to the Court's authority under the All Writs Act, Class Members who have not opted out and other persons should be preliminarily enjoined from pursuing actions that assert claims based on or relating to the claims to be released pursuant to the Class Agreement, and all persons should be enjoined from continuing a lawsuit in any jurisdiction on behalf of Class Members who have not

timely excluded themselves that is based on or relating to the claims to be released pursuant to the Class Agreement, as further set forth in the Memorandum of Law described below.

9.      In further support of this Joint Motion for Preliminary Approval of Proposed Class Action Settlement and Approval of Notice Plan, Class Plaintiffs have submitted a separate Memorandum of Law for the Court's consideration.

WHEREFORE, the parties respectfully request that the Court enter an Order, substantially in the form attached as Exhibit A to the Class Agreement, (*1*) CERTIFYING the Class as a Settlement Class; (*2*) APPOINTING the Representative Plaintiffs as Class Plaintiffs and Pendley, Baudin & Coffin L.L.P. and Baum, Hedlund, Aristei & Goldman P.C. as Class Settlement Counsel; (*3*) GRANTING preliminary approval to the Class Agreement pursuant to Federal Rule of Civil Procedure 23(e); (*4*) SCHEDULING a fairness hearing and establishing all related deadlines; (*5*) DIRECTING that notice be provided to the Class in accordance with the Notice Plan; and (*6*) PRELIMINARILY ENJOINING all Class Members who have not opted out from pursuing, as class members, actions based on or relating to the claims to be released by the Class Agreement; and further enjoining all persons from pursuing a lawsuit in any jurisdiction involving Class Members who have not timely excluded themselves that is based on or relating to the claims to be released by the Class Agreement.

Dated: March 12, 2014                            Respectfully submitted,


Counsel for Defendants:                          Counsel for Plaintiffs:

By: /s/ Edwin G. Schallert                       By: /s/ Christopher L. Coffin

   DEBEVOISE & PLIMPTON LLP                          PENDLEY, BAUDIN & COFFIN, LLP
   Edwin G. Schallert                                Christopher L. Coffin
   Kristin D. Kiehn                                  Nicholas R. Rockforte
   919 Third Avenue                                  1515 Poydras St., Suite 1400
   New York, NY 10022                                New Orleans, LA 70112

Tel: (212) 909-6000
Fax: (212) 909-6836

SUGARMAN, ROGERS, BARSHAK
& COHEN, P.C.
William F. Benson (BBO # 646808)
101 Merrimac Street
Boston, MA 02114
New York, NY  10022
Tel.:  (617) 227-3030
Fax.: (617) 523-4001

*Attorneys for Forest Laboratories, Inc., and*
*Forest Pharmaceuticals, Inc.*

Tel: (225) 687-6396
Fax: (225) 697-0577

BAUM, HEDLUND, ARISTEI &
GOLDMAN, P.C.
Michael L. Baum
R. Brent Wisner
12100 Wilshire Blvd., Suite 950
Los Angeles, CA 90025
Tel: (310) 207-3233
Fax (310) 820-7444

*Attorneys for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

I, Claire Martirosian, hereby certify that this document, filed through the ECF system, will be sent electronically on March 13, 2014 to the registered participants as identified on the Notice of Electronic filing (NEF) and paper copies will be sent to those attorneys are who are still active in the case and are indicated as non-registered participants.

<u>/s/ Claire Martirosian</u>

Claire Martirosian