UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: | MDL No. 2067 |
| CELEXA AND LEXAPRO MARKETING AND SALES PRACTICES LITIGATION | Master Docket No. 09–MD–2067 (NMG) |
| | Judge Nathaniel M. Gorton |
| THIS DOCUMENT RELATES TO: RUTH DUNHAM and TANYA SHIPPY, ET AL. | |

## ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT, DIRECTING NOTICE TO THE CLASS, AND SCHEDULING FAIRNESS HEARING

1. The terms of the Settlement Agreement and Release ("Class Agreement") dated March 12, 2014, including all attached Exhibits, are preliminarily approved, subject to the Court's further consideration at the Fairness Hearing.

2. The Court finds that the Class Agreement between the Representative Plaintiffs and Defendants was entered into at arm's-length by experienced counsel for the Parties and only after extensive negotiations. The Court further finds that the terms of the Class Agreement are sufficiently within the range of reasonableness such that notice of the Settlement should be given as subsequently set out in this Order.

3. The Court hereby appoints the Representative Plaintiffs Ruth Dunham and Tanya Shippy as Class Plaintiffs, and appoints Christopher L. Coffin, Stan P. Baudin, and Nicholas R. Rockforte of the law firm Pendley, Baudin & Coffin L.L.P., and Michael

L. Baum and R. Brent Wisner of the law firm Baum, Hedlund, Aristei & Goldman P.C. as Class Settlement Counsel.

4. In its Order dated January 10, 2014, the Court certified a Class consisting of all consumers and entities (other than governmental entities) who paid for Celexa® or Lexapro® prescribed or purchased in the State of Missouri for use by a minor under the age of 18 years between July 2001 (for Celexa) and August 2002 (for Lexapro) through the present, excluding those with personal injury claims. The Court hereby certifies the following class for settlement purposes only:

> All Individuals and entities, including third-party payors ("TPP") of prescription medicine benefits (other than governmental entities), who purchased, paid for or made a reimbursement for branded Celexa® for use by a Minor between January 1, 1998 and December 31, 2013, or who purchased, paid for or made a reimbursement for branded Lexapro® for use by a Minor between August 1, 2002 and December 31, 2013, where (*i*) branded Celexa® or Lexapro® was prescribed to the Minor in Missouri; or (*ii*) the Individual or Minor was a domiciliary citizen of Missouri at the time of the prescription or payment; or (*iii*) for an Individual, payment for the prescription was made in Missouri. This class does not include those Individuals or Minors who are seeking personal injury claims arising out of their purchase or use of branded Celexa® and/or Lexapro®.
>
> Excluded from the Settlement Class are (*i*) any federal, state, or local government entity that purchased, paid for, or made reimbursements for Celexa® or Lexapro® prescribed for consumption by a Minor; (*ii*) Defendants, including their respective present and former parents, subsidiaries, divisions, partners, and affiliates; (*iii*) any entity in which Defendants have a controlling interest; (*iv*) any Class Member who timely opts out of the Settlement in accordance with the Court's Orders; and (*v*) the Judge assigned to this action and any member of the Judge's immediate family.

5. The Court has reviewed and approves the Notice Plan substantially in the form attached as Exhibit A to the Declaration of Christopher L. Coffin in Support of Joint

Motion for Preliminary Approval of Class Settlement and Notice Plan ("Notice Plan").

6. On or before April 25, 2014, the Claims Administrator shall cause copies of the detailed Settlement Notice, substantially in the form set forth as Exhibit B to the Class Agreement (the "Long-Form Notice"), to be mailed by first-class mail, postage pre-paid, to potential TPP Class Members, to the extent they can be identified with reasonable diligence or who have requested a copy. By the same date, April 25, 2014, the Claims Administrator shall cause copies of the Long-Form Notice to be mailed by first-class mail to all Individual Class Members who brought claims or excluded themselves from other Celexa or Lexapro class actions or who have requested a copy.

7. On or before April 25, 2014, the Claims Administrator shall cause the Long-Form Notice, Summary Notice, the Class Agreement, and all claim forms and instructions thereto to be published on the website established for purposes of this Settlement. On or before April 25, 2014, the Claims Administrator shall cause the Summary Notice of Pendency of Class Action, Proposed Settlement and Fairness Hearing, substantially in the form attached as Exhibit C ("Summary Notice") to be published in accordance with the Notice Plan and otherwise implement the Notice Plan. The Claims Administrator shall cause a copy of the Long-Form Notice to be mailed to any Class Member upon request. On or before May 9, 2014, the Claims Administrator shall serve and file or cause to be served and filed a sworn statement attesting to compliance with the provisions of Paragraphs 6 and 7 of this Order.

8. The Court appoints Epiq Systems as the Claims Administrator. Responsibilities of the Claims Administrator shall include the following: (*i*) establishing a post office box and toll-free telephone number (to be included in the Long-Form Notice and the Summary Notice (together, the "Notices" to the Class)) for purposes of communicating with Class Members; (*ii*) establishing and maintaining a website for purposes of posting the Notices, the Class Agreement, and related documents; (*iii*) accepting and maintaining documents sent from Class Members, including claim forms, exclusion requests, and other documents relating to claims administration; and (*iv*) administering claims for the allocation of the settlement funds among Class Members.

9. Any Class Member who wishes to be excluded shall mail a written notice of exclusion to the Claims Administrator, so that it is post-marked no later than June 9, 2014. The written notice must contain: (1) name; (2) current street address and email address (if any); (3) the time period during which the Class Member purchased, paid for, or reimbursed a prescription for Celexa® or Lexapro® prescribed for a Minor; (4) the name, address and telephone number of the Class Member's attorney, if applicable; (5) signature; and (7) the following statement: "I do not want to be part of the Class in *In re Celexa and Lexapro Marketing and Sales Practices Litigation*, No. 09–MD–2067 (NMG)" ("Notice of Exclusion"). As set forth in the Class Agreement, in the case of an Individual Class Member, an immediate family member or legal guardian may sign the Notice of Exclusion.

10. For TPP Class Members, the Notice of Exclusion must also include a signed certification containing the following language:

> The undersigned individual hereby represents that he/she has authority to sign and submit this notice of exclusion on behalf of the above-named class member.
>
> The undersigned also certifies the he/she has not received any advice from the parties to this litigation or their attorneys concerning his/her or the class member's fiduciary obligations under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1100, *et seq.*, or other laws governing their obligations to any class member. The undersigned understands that by submitting this notice of exclusion, the class member identified above will not be entitled to receive any proceeds of the Class Settlement Fund. By affixing my signature below, I certify under penalty of perjury that the foregoing is true and correct. 28 U.S.C. § 1746.

If the person providing a certification in the Notice of Exclusion is not a duly authorized officer, director, or employee of the TPP Class Member requesting exclusion (if a corporation), or a general partner or duly authorized employee of the TPP Class Member requesting exclusion (if a partnership), he/she must attach written evidence of the TPP Class Member's grant of authority to him/her to execute the notice of exclusion on its behalf.

11. The right to opt out is an individual decision by each Class Member and no person or entity, specifically including counsel, may exercise the right to opt out on behalf of another person or entity, except for an immediate family member or legal guardian of an Individual Class Member. Class Members cannot exclude a group of Class Members or a class of Class Members from the Settlement Class.

12. Class Members who have submitted a valid Notice of Exclusion shall not be bound by the Class Agreement or the Final Order and Judgment. Upon receipt, the Claims Administrator shall promptly provide copies of each Notice of Exclusion to Class Settlement Counsel and Defendants' counsel. If either Party contests a Notice of

Exclusion, the Court shall determine its validity. However, any Class Member that does not properly and timely mail a Notice of Exclusion as set forth above shall be automatically included in the Settlement Class and shall be bound by all the terms and provisions of the Class Agreement and the Final Order and Judgment, whether or not such Class Member shall have objected to the Class Agreement and whether or not such member of the Class makes a claim upon or receives a payment from the Common Fund.

13. In order to be entitled to participate in the Class Settlement, if it is effected in accordance with all of the terms and conditions set forth in the Class Agreement, each member of the Class shall take the following actions and be subject to the following requirements:

   (a) A Class Member who wishes to receive a distribution from the Common Fund must submit on or before January 26, 2015 a properly executed Claim Form (either an Individual Proof of Claim or a TPP Proof of Claim, whichever is appropriate (collectively, a "Proof of Claim")) to the Claims Administrator as provided in the Notices. If such Proof of Claim is transmitted in any manner other than the United States Postal Service, it shall be deemed to have been submitted when actually received by the Claims Administrator and must be received by the Claims Administrator no later than January 26, 2015;

   (b) Each Proof of Claim must satisfy the following conditions: (*i*) the Proof of Claim must be timely submitted with all required information and documentation; (*ii*) the Proof of Claim must be submitted by the Class Member or, in the case of Individual Class Members, an immediate family member or legal guardian of

such Class Member or, in the case of TPP Class Members, the third-party administrator of the TPP's prescription drug or health benefit plan if the TPP authorizes the agent to submit such a claim and such authorization is provided; (*iii*) the Proof of Claim must be timely supplemented with additional information or documentation in response to requests by the Claims Administrator pursuant to a deficiency notice or an audit of the claim; and (*iv*) the accuracy of the information contained in the Proof of Claim must be signed and certified under penalties of perjury;

(c) Each Individual Proof of Claim must include (*a*) a declaration under oath: (*i*) stating the time period over which the Individual Class Member purchased or paid for Celexa® or Lexapro® prescribed to a Minor; (*ii*) identifying the Minor and the doctor, hospital, medical facility, or pharmacy who prescribed or dispensed Celexa® or Lexapro® to the Minor; (*iii*) averring that Celexa® or Lexapro® was prescribed to the Minor in Missouri, or that payment for the drug was made in Missouri, or that the Individual or Minor was a domiciliary citizen of Missouri at the time of the prescription or payment; (*iv*) identifying, for each prescription, the amount paid; and (*v*) stating that, if the claim is selected for audit, the Individual Class Member shall execute a form authorizing access to records and providing such additional information that the Claims Administrator deems necessary to audit the claim as described in the Class Agreement; and (*b*) personal and residence information as set forth on the Claim Form.

(d) For claims by Individual Class Members selected for audit, the Claims Administrator shall accept any of the following as adequate proof of payment:

(*i*) a receipt, cancelled check, or credit card statement evidencing payment of a co-pay or cash payment for Celexa® or Lexapro®; (*ii*) an EOB (explanation of benefits) or similar document from an insurer or other health plan evidencing payment of a co-pay or cash payment for Celexa® or Lexapro® for a Minor; (*iii*) records from a pharmacy, Pharmacy Benefit Manager, or similar entity evidencing payment of a co-pay or cash payment for Celexa® or Lexapro® for a Minor; (*iv*) a letter from the Minor's physician stating that the Minor was administered Celexa® and/ or Lexapro® and that the Individual Class Member paid a co-pay or cash payment and stating the amount paid; and/or (*v*) an appropriate HIPPA authorization(s) authorizing access to pharmacy and medical records, which records conclusively show that Celexa® or Lexapro® was prescribed to the Minor. The Claims Administrator shall seek only those records pursuant to an audit that are necessary to most efficiently and reasonably confirm the validity of the claim.

(e) Each TPP Proof of Claim must include (*a*) documentary evidence, supported by a sworn or verified statement (*i*) showing that the TPP Class Member purchased, paid for, or made a reimbursement for Celexa® prescribed to a Minor between January 1, 1998 and December 31, 2013, or purchased, paid for, or made a reimbursement for Lexapro® prescribed to a Minor between August 1, 2002 and December 31, 2013; (*ii*) showing that Celexa® or Lexapro® was prescribed to the Minor in Missouri or that the Minor was a domiciliary of Missouri when the prescription was made; (*iii*) identifying the TPP Class Member's actual out-of-pocket and unreimbursed cost for each such prescription, net of any co-

payments, deductibles, reimbursements, discounts, rebates, coinsurance, and/or any other amounts received; and (*iv*) stating that, if the claim is selected for audit, the TPP Class Member shall authorize access to records and provide such additional information that the Claims Administrator deems necessary to audit the Claim as described in Section IV.J; and (*b*) business contact information as set forth on the Claim Form.

(f) Each Proof of Claim shall be submitted to and reviewed by the Claims Administrator, who shall make a determination about which claims should be allowed in whole or in part;

(g) In the event that the Claims Administrator deems a claim invalid for failing to comply with the terms of the Class Agreement, the Claims Administrator shall send a notice of deficiency to the Class Member describing the deficiency and the steps required to cure that deficiency. Class Members shall have sixty (60) calendar days from the date of the deficiency notice to cure any deficiency, as further set forth in the Class Agreement.

(h) All Class Members that do not submit timely Proofs of Claim, or submit Proofs of Claim that are deficient and not cured within the time period allowed, shall be barred from receiving any payment (except to the extent that a Proof of Claim may be partially allowed) but otherwise shall be bound by all the terms and provisions of the Class Agreement; and

(i) Each Class Member that submits a Proof of Claim shall thereby expressly submit to the jurisdiction of the Court with respect to the claims submitted and shall

(subject to final approval of the Settlement) be bound by all the terms and provisions of the Class Agreement.

14. To effectuate the Class Agreement and the provisions of the Notice Plan, the Claims Administrator shall be responsible for the receipt of all Notices of Exclusion and Proofs of Claim. The Claims Administrator shall preserve, either in paper or electronically, all Notices of Exclusion, Proofs of Claim, and any and all other written communications from the Class Members in response to the Notices for a period of five (5) years, or pursuant to further order of the Court. All written communications received by the Claims Administrator from Class Members relating to the Class Settlement shall be available at all reasonable times for inspection and copying by Class Settlement Counsel and Defendants' counsel, until payments are mailed to each Class Member.

15. Within twenty (20) business days after this Order is entered, Defendants will make the minimum Initial Payment into the Common Fund of seven million six hundred fifty thousand dollars ($7,650,000.00) ("Initial Payment").

16. Class Members' claims will be calculated as follows ("Settlement Claim Amount"), although the actual amount payable to the Class Member may be higher or lower than this amount depending on how many valid claims are filed and the calculated value of those claims:

    a. Where records reflect a valid claim for purchase or payment between January 1, 1998 and March 31, 2005, the Settlement Claim Amount will be calculated as 100% of the cost paid or reimbursed by the Class Member.

b. Where records reflect a valid claim for purchase or payment between April 1, 2005 and March 19, 2009, the Settlement Claim Amount will be calculated as 65% of the cost paid or reimbursed by the Class Member.

c. Where records reflect a valid claim for purchase or payment between March 20, 2009 and December 31, 2013, and where records reflect that the prescription was for a Minor under the age of 12 years, the Settlement Claim Amount will be calculated as 65% of the cost paid or reimbursed by the Class Member.

d. Where records reflect a valid claim for purchase or payment between March 20, 2009 and December 31, 2013, and where records reflect that the prescription was for a Minor aged 12 years or older, the Settlement Claim Amount will be calculated as 20% of the cost paid or reimbursed by the Class Member.

e. If an Individual Class Member is unable to identify the amount(s) paid as set forth in Subsection (*iv*) of Section 13(c) of this Order, but meets the other criteria for submitting a valid claim set forth above, the Individual will be deemed to have a valid claim of fifty dollars ($50.00).

17. If, following the Effective Date and the Claim Deadline, the aggregate amount of valid claims, plus the incentive awards awarded by the Court, plus the attorneys' fees and expenses awarded by the Court, plus the notice and administration costs, is less than the Initial Payment amount (plus interest as provided for in the Class Agreement), the remainder of the funds shall be distributed on a pro rata basis to Class Members who have submitted valid claims.

18. If, following the Effective Date, the aggregate amount of valid claims by Class Members exceeds four million two hundred fifteen thousand dollars ($4,215,000.00),

Defendants shall pay additional funds into the Common Fund sufficient to pay additional valid claims up to, but not to exceed, two million seven hundred thousand dollars ($2,700,000.00), so that in no event shall the total amount paid by Defendants exceed ten million three hundred fifty thousand dollars ($10,350,000.00) ("Capped Payment"). Defendants shall not be required to pay additional funds into the Common Fund above the Initial Payment amount to pay for any attorneys' fees, expenses, notice and administration costs, or incentive awards, and Defendants shall not be required to pay additional funds into the Common Fund if the aggregate amount of valid claims is less than four million two hundred fifteen thousand dollars ($4,215,000.00).

19. If, following the Effective Date and the Claim Deadline, the aggregate amount of valid claims, plus the incentive awards awarded by the Court, plus the attorneys' fees and expenses awarded by the Court, plus notice and administration costs, exceeds the Capped Payment amount, the settlement amounts paid shall be reduced in pro rata proportion to Class Members' valid claims as allowed by the Claims Administrator. In no event shall Defendants be required to pay claims in excess of the Capped Payment amount.

20. Any information received by the Claims Administrator in connection with this Settlement that pertains to a particular Class Member, or information submitted in conjunction with a Notice of Exclusion (other than the identity of the individual or entity requesting exclusion), shall not be disclosed to any other person or entity other than Class Settlement Counsel, Defendants' counsel, and the Court, or as otherwise provided in the Class Agreement.

21. A hearing on final settlement approval (the "Fairness Hearing") will be held on **Wednesday, July 9, 2014 at 3:00 p.m.** before this Court, in Courtroom 4 at the John Joseph Moakley Courthouse, United States District Court for the District of Massachusetts, One Courthouse Way, Boston, Massachusetts 02210, to consider the following: (*a*) the final certification of the Settlement Class; the fairness, reasonableness, and adequacy of the Class Agreement; the dismissal with prejudice of the claims brought by Plaintiffs Ruth Dunham and Tanya Shippy in the Second Amended Complaint; and the entry of Final Judgment; and (*b*) whether Class Settlement Counsel's application for attorneys' fees, expenses, and incentive awards for the Class Representatives (the "Motion for Attorneys' Fees, Expenses, and Class Representative Incentive Awards") should be granted. Within seven (7) business days before the Fairness Hearing, the Parties shall submit (*i*) any memoranda or other materials in support of final approval of the Class Agreement and (*ii*) any Motion for Attorneys' Fees, Expenses, and Class Representative Incentive Awards, as applicable.

22. Any Class Member who intends to object to the final certification of the Settlement Class; the fairness, reasonableness, and adequacy of the Class Agreement; the dismissal with prejudice of the claims brought by Plaintiffs Ruth Dunham and Tanya Shippy in the Second Amended Complaint; or the entry of the Final Judgment must submit, in writing, his/her name and address; the basis for the opposition; all arguments and citations supporting the objection; and any evidence supporting the objection. The Class Member must also provide a declaration under oath sufficient to demonstrate that they are a Class Member, and provide a statement whether the

objector intends to appear at the Fairness Hearing, either with or without counsel. An objection will be deemed submitted and will be considered by the Court if it is post-marked by **June 9, 2014** and mailed to the Court, Class Settlement Counsel, and Defendants' Counsel at the addresses provided in the Class Notice. It shall be the objector's responsibility to ensure receipt of any objection by the Court, Class Settlement Counsel, and Defendants' counsel. If the objector intends to appear at the Fairness Hearing through counsel, his/her counsel must file a notice of appearance with the Court within ten (10) business days after the objection is post-marked. Any Class Member who fails to timely file a written objection shall not be permitted to speak at the final fairness hearing, either with or without counsel.

23. Any Class Member who elects to be excluded from the Settlement Class shall not be entitled to object to any aspect of this Settlement.

24. Counsel for the Parties who must be served with all such documentation are as follows:

**Class Counsel**

Christopher L. Coffin
Stan P. Baudin
Nicholas R. Rockforte
PENDLEY, BAUDIN & COFFIN, LLP
1515 Poydras Street, Suite 1400
New Orleans, Louisiana 70112

Michael L. Baum
R. Brent Wisner
BAUM, HEDLUND, ARISTEI & GOLDMAN, P.C.
12100 Wilshire Blvd., Suite 950
Los Angeles, California, 90025

**Counsel for Defendants**

Edwin G. Schallert
Kristin D. Kiehn
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, NY 10022

William F. Benson
SUGARMAN, ROGERS, BARSHAK & COHEN, P.C.
101 Merrimac Street
Boston, MA 02114

25. The date and time of the Fairness Hearing shall be set forth in the Summary Notice and Long-Form Notice, but shall be subject to adjournment by the Court without further notice to Class Members other than that which may be posted at the Court, on the Court's website, and/or the website to be established pursuant to the Notice Plan.

26. Any Class Member may hire an attorney at his or her or its own expense to appear in the action. Such attorney shall file a Notice of Appearance with the Court and serve a copy upon Attorney Christopher L. Coffin at the address listed above and serve a copy upon Attorney Edwin G. Schallert at the address listed above no later than ten (10) days after mailing such objection.

27. All discovery and other pretrial proceedings relating to the claims brought by Plaintiffs Ruth Dunham and Tanya Shippy in the Second Amended Complaint filed in the *Celexa and Lexapro Marketing and Sales Practices MDL* are stayed and suspended, pending the Effective Date of the Class Agreement ("Final Approval"), except such proceedings as are provided for in the Class Agreement, or which may be necessary to implement the terms of the Class Agreement or this Order.

28. Pending Final Approval, all Class Members who have not opted out are barred and enjoined from filing, commencing, continuing, prosecuting, intervening in, or

participating as class members in any other suit, action, proceeding, case, controversy, or dispute in any jurisdiction against any or all of the Released Parties (as defined in the Class Agreement) based on or relating to the Class Agreement or the matters, claims, or causes of action, or the facts and circumstances relating thereto in this Litigation, that are to be released upon Final Approval pursuant to the Class Agreement, except as required by law or as required to effectuate this Class Agreement. Furthermore, all persons are enjoined from filing, commencing, prosecuting, litigating, or continuing a lawsuit in any jurisdiction involving Class Members who have not timely excluded themselves (including but not limited to seeking to amend a pending complaint to include class allegations, seeking class certification in a pending action, or proceeding to trial in a pending class action), that is based on or relating to the claims and causes of action, or the facts and circumstances relating thereto, in this Litigation (as that term is defined in the Class Agreement).

29. Upon Final Approval, all Class Members that do not file a timely Notice of Exclusion shall be forever enjoined and barred from asserting any of the matters, claims, or causes of action released pursuant to the Class Agreement, and any such Class Member shall be deemed to have forever released any and all such matters, claims, and causes of action as provided for in the Class Agreement.

30. In the event that the Class Agreement is terminated in accordance with the provisions therein permitting termination, the Class Agreement and all proceedings had in connection therewith shall be null and void, except insofar as expressly provided in

the Class Agreement, and without prejudice to the rights of Plaintiffs and Defendants.

31. Neither this Order nor the Class Agreement shall constitute any evidence or admission of liability by any Defendant, nor shall they be offered in evidence in this or any other proceeding except to consummate or enforce the Class Agreement or the terms of this Order, or by any Released Party in connection with any action asserting Released Claims (as that term is defined in the Class Agreement).

SO ORDERED.

*/s/ Nathaniel M. Gorton*
NATHANIEL M. GORTON
UNITED STATES DISTRICT JUDGE

Dated: March 14, 2014