United States District Court
District of Massachusetts

|  |  |  |
|---|---|---|
| In re: | ) | |
| | ) | |
| CELEXA AND LEXAPRO MARKETING AND | ) | MDL No. |
| SALES PRACTICES LITIGATION | ) | 09-2067-NMG |
| | ) | |
| | ) | |
| ANGELA JAECKEL, RUTH DUNHAM, | ) | |
| TANYA SHIPPY, and MARTHA and | ) | |
| PETER PALUMBO, on behalf of | ) | |
| themselves and all persons | ) | |
| similarly situated, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| NATALIE LUSTER, | ) | |
| | ) | |
| Interested Party, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| FOREST LABORATORIES, INC. and | ) | |
| FOREST PHARMACEUTICALS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM & ORDER

**GORTON, J.**

Interested party Natalie Luster ("Luster") seeks to intervene in this multi-district litigation in which there is pending a conditionally-approved class settlement agreement. Alternatively, she requests that the Court order certain discovery regarding the proposed settlement. For the reasons

-1-

that follow, the Court will deny the motion to intervene but permit very limited discovery.

## I. Background

The instant action ("the MDL Action") is one of several lawsuits filed in federal district courts that were transferred to this Court for coordinated pretrial proceedings pursuant to 28 U.S.C. § 1407. It was initially filed in the Eastern District of Missouri in 2009 by Angela Jaeckel and was transferred to this Court in early 2010. Tanya Shippy and Ruth Dunham replaced Ms. Jaeckel as class representatives in a Second Amended Complaint filed in May, 2013.

The Second Amended Complaint alleges, inter alia, that defendants Forest Pharmaceuticals, Inc. and Forest Laboratories, Inc. (collectively "defendants" or "Forest") violated the Missouri Merchandising Practices Act ("MMPA") by misrepresenting and concealing material information in their marketing of the drugs Celexa and Lexapro to treat major depressive disorder in pediatric patients. In January, 2014, the Court allowed plaintiffs' motion to certify a class of consumers and entities who paid for, purchased or prescribed Celexa or Lexapro in Missouri for use by a minor between July, 2001 (for Celexa) and August, 2002 (for Lexapro) and the present.

In March, 2014, after over four years of litigation, the parties informed the Court that they had reached a settlement

agreement ("the MDL Settlement Agreement"). On March 14, 2014, the Court entered an Order Granting Preliminary Approval of Settlement, Directing Notice to the Class, and Scheduling Fairness Hearing. That Order certified a class ("the MDL Settlement Class") comprised of

> [a]ll Individuals and entities, including third-party payors ... of prescription medicine benefits (other than governmental entities), who purchased, paid for or made a reimbursement for branded Celexa for use by a Minor between January 1, 1998 and December 31, 2013, or who purchased, paid for or made a reimbursement for branded Lexapro for use by a Minor between August 1, 2002 and December 31, 2013, where (*i*) branded Celexa or Lexapro was prescribed to the Minor in Missouri; or (*ii*) the Individual or Minor was a domiciliary citizen of Missouri at the time of the prescription or payment; or (*iii*) for an Individual, payment for the prescription was made in Missouri. This class does not include those Individuals or Minors who are seeking personal injury claims arising out of their purchase or use of branded Celexa and/or Lexapro.

A Final Fairness Hearing with respect to the MDL Settlement Agreement is scheduled for Wednesday, July 16, 2014 at 11:00 a.m.

Luster is the named plaintiff and class representative in a class action titled <u>Luster</u> v. <u>Forest Pharmaceuticals, Inc.</u> which was filed in 2009 and is currently pending before the Circuit Court for the City of St. Louis, Missouri ("the Missouri Action"). In her role as class representative, Luster represents a conditionally-certified class of individuals who purchased Celexa for use by children and adolescents between

1998 and 2005 ("the Missouri Class"). This Court denied Luster's motion to stay the MDL Action in January, 2014 and stayed the Missouri Action in its preliminary approval of the MDL Settlement Agreement in March, 2014.

Luster filed the instant motion to intervene one month later. The Court held a hearing on the motion on May 30, 2014 and requested that Luster submit a circumscribed list of requested discovery. The Court is in receipt of that request for discovery in the form of a motion and of the MDL plaintiffs' and defendants' objections thereto.

## II. Luster's Motion to Intervene

Luster claims that she is entitled to intervene in this action as of right pursuant to Fed. R. Civ. P. 24(a)(2). In the alternative, she asks the Court to exercise its discretion under Fed. R. Civ. P. 24(b) and permit her to intervene. Both arguments are unavailing.

### A. Intervention as of Right

A party who seeks to intervene in an action as of right under Fed. R. Civ. P. 24(a)(2) must establish (1) the timeliness of her motion to intervene, (2) her interest in the property or transaction that is the subject of the pending action, (3) a realistic threat that the disposition of the action may, as a practical matter, impair or impede her ability to protect that interest and (4) that her interest will not be represented

adequately by any existing party to the action. See R & G Mortg. Corp. v. Fed. Home Loan Mortg. Corp., 584 F.3d 1, 7 (1st Cir. 2009); Conserv. Law Found. of New Eng., Inc. v. Mosbacher, 966 F.2d 39, 41 (1st Cir. 1992) (citing Travelers Indem. Co. v. Dingwell, 884 F.2d 629, 637 (1st Cir. 1989)).

Applying that standard to the present circumstances, the Court concludes that Luster has not met the standard for intervention as of right. First, her ability to protect her interests is not impaired by the preliminarily-approved settlement. As a member of the MDL Settlement Class, she is entitled to object to the fairness of the settlement or to opt out altogether. See, e.g., In re DHB Indus., Inc., No. 05-4296, 2007 WL 2907262, at *2 (E.D.N.Y. Sept. 30, 2007); Ruggles v. Bulkmatic Transp. Co., No. 03-00617, 2007 WL 496671, at *2-3 (S.D. Ohio Feb. 7, 2007). To the extent that Luster objects to the fairness of the settlement, she has a right to object on or before the June 9, 2014 deadline and, assuming that she does, she may be represented by counsel and be heard at the Fairness Hearing scheduled for July 16, 2014.

Second, Luster has failed to present convincing evidence that the MDL Settlement Agreement is the result of improper collusion between class counsel and defendants in the form of a "reverse auction" such that her interests are not adequately

-5-

represented by MDL class counsel.  A reverse auction is said to occur when

> the defendant in a series of class actions picks the most ineffectual class lawyers to negotiate a settlement with in the hope that the district court will approve a weak settlement that will preclude other claims against the defendant.

Reynolds v. Beneficial Nat'l Bank, 288 F.3d 277, 282 (7th Cir. 2002).  Luster contends that the subject agreement bears the hallmarks of a reverse auction because 1) the MDL Action settled shortly before the Missouri Action was scheduled for trial, 2) defendants engaged in settlement negotiations with both parties simultaneously and 3) damages estimated by Luster's expert with respect to the Missouri Action alone exceed the amount that all class members stand to recover under the MDL Settlement Agreement.

Those arguments are unpersuasive.  First, Luster overstates the imminence of resolution of the Missouri Action.  Forest's renewed motion for summary judgment and a motion to decertify the conditionally-certified class were pending at the time that action was stayed and Luster recently sought to continue the trial date.  Second, the fact that the defendants carried on parallel settlement discussions in parallel class actions is standard litigation procedure that does not give rise to an inference of improper collusion. See Negrete v. Allianz Life Ins. Co. of N. Am., 523 F.3d 1091, 1099-1100 (9th Cir. 2008).

Third, the settlement figure is facially reasonable and therefore the fact that Luster's expert estimated damages in excess of that figure does not tend to prove collusion. In sum, the Court is provisionally satisfied that the parties to the MDL Action reached a non-collusive settlement after four years of contested litigation before this Court.

**B.     Permissive Intervention**

The Court also declines to exercise its discretion to permit Luster to intervene pursuant to Fed. R. Civ. P. 24(b), which provides that

> On timely motion, the court may permit any one to intervene who: ... has a claim or defense that shares with the main action a common question of law or fact.... In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.

The Court is satisfied that Luster may adequately protect her interests through objecting to the MDL Settlement Agreement and that intervention is unnecessary.

**III. <u>Luster's Request for Discovery</u>**

At the hearing on the motion to intervene, Luster's counsel explained that under the Court's March 14, 2014 Order, she will be unable to access certain discovery relevant to the settlement before objections are due on June 9, 2014. The Court requested that Luster provide an outline of the limited discovery she

wishes to conduct.  Luster has since provided the Court with a request for the following discovery:

1) any damage models created by either party with regard to the damages of the Class, including all versions or modifications of said damage models exchanged between the parties;

2) all expert reports discussing the extent or nature of the potential damages incurred by the Class;

3) any communications between the parties in which damages to the Class, expert opinions regarding Class damages, and/or damage models or the bases thereof were discussed;

4) access to sealed documents, subject to the Court's protective order;

5) the deposition of each party's respective damages expert;

6) any non-privileged documents or written communications exchanged between Defendants and Plaintiffs setting forth settlement offers or counter-offers;

7) any non-privileged documents or written communications disclosing the timing of the settlement agreement, including the dates of mediations, the date that basic terms of the settlement were initially agreed upon, and the date that the final terms of the settlement were agreed upon; and

8) any non-privileged documents or written communications exchanged between Defendants and Plaintiffs referencing the trial date in the Luster action.

Defendants and plaintiffs object to the request in its entirety.

### A. Legal Standard

"Class members who object to a class action settlement do not have an absolute right to discovery." Hemphill v. San Diego Ass'n of Realtors, Inc., 225 F.R.D. 616, 619 (S.D. Cal. 2005).

Instead, the Court has the discretion to limit discovery to matters that will 1) ensure that objectors have a meaningful right to participate in the fairness hearing and 2) aid the Court in evaluating the fairness of the settlement agreement. Id. (collecting cases). Relevant factors include 1) whether the parties to the settlement previously conducted discovery that is available to objectors, 2) the reasonableness of the requested discovery and 3) the number and interests of the objectors. Id. at 620. Moreover, discovery of settlement negotiations is generally disfavored and is appropriate only where the objector puts forward sufficient evidence that the settlement was collusive. Id. at 621 (citing Lobatz v. U.S.W. Cellular of Cal., Inc., 222 F.3d 1142, 1148 (9th Cir. 2000)).

**B. Application**

Because Luster seeks to challenge the adequacy of the damages to be awarded to class members under the MDL Settlement Agreement but already has access to voluminous discovery and information that is available to the public, the Court will permit only very narrow discovery of 1) any data not previously produced that formed the basis of the damage estimates of either plaintiffs or defendants and 2) the sealed affidavit of Dr. Joel W. Hay that was submitted by plaintiffs in support of their Motion for Class Certification.

The Court will not, however, allow Luster to depose MDL class counsel, defendants' counsel or their respective experts. Moreover, it will deny her request for expert reports, damages models or other documents or communications that interpret the discoverable data discussed above. Luster will be accorded access to the parties' methodology for calculating damages on or before the July 9, 2014 deadline for submitting memoranda and other materials in support of final approval of the MDL Settlement Agreement. Discovery of the methodology prior to that deadline is unwarranted given that Luster will be or already has been provided with all relevant data and is entitled to file a meaningful objection based upon her own expert's interpretation of that data.

Furthermore, Luster will be afforded a full opportunity to present her own expert evidence and to challenge the damages calculations submitted by counsel and experts for the MDL parties at the fairness hearing. To that end, the Court will allocate one hour of the fairness hearing to Luster and one hour to the MDL parties to present evidence and to challenge the evidence presented by the other side. At that time, and within those time restrictions, the parties may present expert testimony if they choose.

Finally, Luster may not discover documents and communications exchanged by the parties pursuant to the

settlement negotiations nor may she depose the participants in those negotiations because she has not proffered sufficient evidence that the settlement was collusive so as to warrant such discovery. See <u>Hemphill</u>, 225 F.R.D. at 621 (citing <u>Lobatz</u>, 222 F.3d at 1148).

## **ORDER**

For the foregoing reasons:

1) Interested Party Natalie Luster's Motion to Intervene (Master Docket No. 358) is **DENIED** and

2) Luster's request for discovery (Docket No. 390) is, with respect to a) disclosure of the sources of data that the parties used to estimate damages, to the extent that such data has not already been disclosed, and b) production of the affidavit of Dr. Joel W. Hay that was filed under seal in support of plaintiffs' Motion for Class Certification, **ALLOWED** but is otherwise **DENIED.**

**So ordered.**

/s/ Nathaniel M. Gorton<br>
Nathaniel M. Gorton<br>
United States District Judge

Dated June 3, 2014