```
                    United States District Court
                      District of Massachusetts
┌─────────────────────────────────────┐
│                                     )
│ In re:                              )
│                                     )    MDL No.
│ CELEXA AND LEXAPRO MARKETING AND    )    09-02067-NMG
│ SALES PRACTICES LITIGATION          )
│                                     )
├─────────────────────────────────────┤
│                                     )
│ DELANA S. KIOSSOVSKI and            )
│ RENEE RAMIREZ,                      )
│                                     )
│        Plaintiffs,                  )    Civil Action No.
│                                     )    14-13848-NMG
│        v.                           )
│                                     )
│ FOREST LABORATORIES, INC.,          )
│ FOREST LABORATORIES, LLC and        )
│ FOREST PHARMACEUTICALS, INC.,       )
│                                     )
│        Defendants.                  )
└─────────────────────────────────────┘
```

**MEMORANDUM & ORDER**

**GORTON, J.**

This case arises out of the marketing and sales of the anti-depressant drugs Celexa and Lexapro by defendants Forest Laboratories, Inc., Forest Laboratories, LLC and Forest Pharmaceuticals, Inc. (collectively, "defendants" or "Forest"). Plaintiffs Delana Kiossovski and Renee Ramirez (collectively, "plaintiffs") allege that defendants 1) engaged in a fraudulent marketing scheme designed to induce consumers to purchase Celexa and Lexapro for pediatric use in violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C.

-1-

§§ 1962(c) and (d), 2) were unjustly enriched and 3) violated the Washington Consumer Protection Act, RCW § 19.86.010 et seq.

Pending before the Court is plaintiffs' objection to a ruling of Magistrate Judge Marianne B. Bowler on plaintiffs' motion to compel production of documents withheld for privilege. For the reasons that follow, this Court will overrule the objection and affirm the magistrate judge's rulings.

I. **Background and procedural history**

The early background and procedural history of this case are set forth in this Court's prior Memoranda & Orders addressing defendants' motions to dismiss (Docket Nos. 32 and 62) and plaintiffs' motion to certify a class (Docket No. 196).

In December, 2016, plaintiffs moved to compel the production of 183 documents withheld by defendants on the basis of the attorney-client privilege and the work product doctrine. Magistrate Judge Bowler heard argument on that motion in January, 2017 and entered an order denying plaintiffs' motion in May 2017. Plaintiffs filed their timely objection to that order on May 24, 2017.

Plaintiffs challenge Forest's decision to withhold 183 documents dated between April and November, 2004, related to a 2004 Congressional probe investigating the use of anti-depressants for children. Plaintiffs claim that the attorney-

client privilege was extinguished as to the 183 subject documents under the crime-fraud exception. In 2004, Congress initiated a probe of the FDA and several drug manufacturers to investigate the use of anti-depressants for children. The Subcommittee on Oversight and Investigations of the House Committee on Energy and Commerce convened a hearing to review the disclosure of clinical studies related to such drugs. At that hearing, Dr. Lawrence Olanoff, who was the Executive Vice President of Forest, testified about two studies done by Forest with respect to the efficacy of Celexa in the pediatric population, MD-18 and Study 94404.

In the course of that testimony, Dr. Olanoff stated that Forest has

> [c]onsistently acted appropriately and in compliance with all legal and regulatory requirements when informing physicians about our products [and that] because the FDA has not approved pediatric labeling for our products, Forest has always been scrupulous about not promoting the pediatric use of our antidepressant drugs, Celexa and Lexapro.

In a later deposition, Dr. Olanoff acknowledged that the statement he gave regarding off-label promotion "was later demonstrated to be incorrect". He submitted that the statement was provided to him by counsel. Plaintiffs assert that the privilege was therefore extinguished as to the communications between Forest and its counsel in preparation for the congressional testimony and for Dr. Olanoff's testimony itself.

**II. Review of the May, 2017 Ruling**

    **A. Legal Standard**

If a party timely objects to the non-dispositive rulings of a magistrate judge on pretrial matters, the district judge must modify or set aside any part of the disputed order that is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). As another session of this Court has found,

> [a] respect for this standard is important, given the pivotal role that magistrate judges play in overseeing the conduct of the sort of complex pretrial discovery typified by this case.

Gargiulo v. Baystate Health Inc., 279 F.R.D. 62, 64 (D. Mass. 2012).

The "clearly erroneous" standard requires the district judge to accept the factual findings and conclusions of the magistrate judge unless, after reviewing the entire record, the district judge has a "strong, unyielding belief that a mistake has been made." Green v. Cosby, 2016 WL 554816, at *1 (D. Mass. Feb. 11, 2016)(citing Phinney v. Wentworth Douglas Hosp., 199 F.3d 1, 4 (1st Cir. 1999)).

Under the "contrary to law" requirement, the district judge reviews pure questions of law de novo, see PowerShare, Inc. v. Syntel, Inc., 597 F.3d 10, 15 (1st Cir. 2010), and factual findings for clear error, Phinney, 199 F.3d at 4. Mixed

questions of law and fact invoke a sliding scale of review pursuant to which

> [t]he more fact intensive the question, the more deferential the level of review (though never more deferential than the clear error standard); the more law intensive the question, the less deferential the level of review.

In re IDC Clambakes, Inc., 727 F.3d 58, 64 (1st Cir. 2013) (internal quotation marks omitted).

**B.  Application**

In their objection to Magistrate Judge Bowler's order, plaintiffs assert that there is a reasonable basis from which to conclude that Forest used the advice of counsel to facilitate the public disavowal of their off-label promotion. Plaintiffs suggest that the magistrate judge's order improperly relied upon an in camera review of the withheld documents.

Forest responds to plaintiffs' objection by emphasizing that plaintiffs did not establish a reasonable basis from which to conclude that Forest's counsel was retained or used to foster a crime. Forest contends that the magistrate judge's order did not rely solely upon the in camera review of the documents at issue, but rather pointed to other facts that led the magistrate judge to conclude that there was no reasonable basis for finding that Forest intended to use the advice of counsel to facilitate a crime.

To invoke the crime-fraud exception to the attorney-client privilege, the party challenging the claim of privilege must make a prima facie showing

> (1) that the client was engag[ed] in (or was planning) criminal or fraudulent activity when the attorney-client communications took place <u>and</u> (2) that the communications were intended by the client to facilitate or conceal the criminal or fraudulent activity.

<u>In re Grand Jury Proceedings</u>, 417 F.3d 18, 22-23 (1st Cir. 2005) (citing <u>In re Grand Jury Proceedings (Violette)</u>, 183 F.3d 71, 75 (1st Cir. 1999)) (emphasis in original). To make that showing, the movant must demonstrate that

> there is a reasonable basis to believe that the lawyer's services were used by the client to foster crime or fraud.

<u>Id.</u> at 23. The "reasonable basis" standard is intended to be "reasonably demanding" and the party must present more than mere speculation or a distant likelihood of collusion. <u>Id.</u>

The Court agrees with Forest. In her decision, Magistrate Judge Bowler did not, as plaintiffs suggest, base the ruling on the <u>in camera</u> review of the documents at issue. The order concludes that "[t]he facts, including the <u>in camera</u> documents themselves, decidedly do not provide a reasonable basis" to make the finding that Forest used its counsel to foster a crime or fraud.

Although plaintiffs document Forest's consideration and conduct with respect to the criminal and civil investigations of

-6-

off-label promotion of Celexa for pediatric use, they fail to demonstrate that there was a reasonable basis to conclude that communications with counsel were intended to facilitate criminal activity.  Plaintiffs attempt to conflate the distinction between Forest's civil settlement, covering conduct between 1998 and 2005 for which Forest did not admit liability, and the resolution of the criminal violations which occurred between 1998 and 2002.  Plaintiffs fail to demonstrate that Forest was engaged in or planning criminal activity at the time of Dr. Olanoff's testimony in 2004. See, e.g., Chevron Corp v. Shefftz, 754 F. Supp. 2d 254, 267 (D. Mass. 2010) ("Petitioner has not presented evidence that Respondent knew of an alleged fraud.").

Plaintiffs rely heavily on Dr. Olanoff's deposition testimony but on that occasion Dr. Olanoff stated that he only later learned that his Congressional testimony contained incorrect information.  Plaintiffs do not present evidence that would suggest that Dr. Olanoff or Forest intended to conceal criminal activity at the time counsel advised Forest on his appearance before Congress.  Accordingly, they have not made a prima facie showing that Forest intended to use the advice of counsel to conceal criminal activity.

## ORDER

For the foregoing reasons, plaintiffs objection to the ruling by Magistrate Judge Bowler on plaintiffs' motion to compel (Docket No. 176) is **OVERRULED** and that ruling is **AFFIRMED.**

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated January 2, 2018