United States District Court
District of Massachusetts

| | |
|---|---|
| In re:<br><br>CELEXA AND LEXAPRO MARKETING AND<br>SALES PRACTICES LITIGATION | MDL No.<br>09-02067-NMG |
| PAINTERS AND ALLIED TRADES<br>DISTRICT COUNCIL 82 HEALTH CARE<br>FUND,<br>      Plaintiff,<br><br>      v.<br><br>FOREST LABORATORIES, INC. and<br>FOREST PHARMACEUTICALS, INC.,<br><br>      Defendants. | Civil Action No.<br>13-13113-NMG |
| DELANA S. KIOSSOVSKI and<br>RENEE RAMIREZ,<br><br>      Plaintiffs,<br><br>      v.<br><br>FOREST LABORATORIES, INC. and<br>FOREST PHARMACEUTICALS, INC.,<br><br>      Defendants. | Civil Action No.<br>14-13848-NMG |

**MEMORANDUM & ORDER**

**GORTON, J.**

These cases arise out of the marketing and sales of the anti-depressant drugs Celexa and Lexapro by defendants Forest Laboratories, Inc., Forest Laboratories, LLC and Forest

Pharmaceuticals, Inc. (collectively, "defendants" or "Forest"). Plaintiffs Delana Kiossovski and Renee Ramirez (collectively, "the Kiossovski plaintiffs") and plaintiff Painters and Allied Trades District Council 82 Health Care Fund ("Painters") (collectively "plaintiffs") allege that defendants 1) engaged in a fraudulent marketing scheme designed to induce consumers to purchase Celexa and Lexapro for pediatric use in violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1962(c) and (d), 2) were unjustly enriched, 3) violated the Washington Consumer Protection Act (Kiossovski) and 4) violated the Minnesota Consumer Fraud Act and Minnesota Unfair Trade Practices Act (Painters).

Pending before the Court are plaintiffs' objections to two rulings of Magistrate Judge Marianne B. Bowler on 1) plaintiffs' motion to compel supplemental production of documents pursuant to Fed. R. Civ. P. 26(e)(1) (Painters and Kiossovski) (Docket No. 750) and 2) defendant's motion to quash the third party subpoena served on H. Lundbeck A/S ("Lundbeck") (Painters) (Docket No. 843). For the reasons that follow, this Court will overrule the objections and affirm the magistrate judge's rulings.[1]

---

[1] For ease of reference, the Court will use the docket numbers from the multi-district litigation docket, 09-md-02067-NMG.

I.  **Background and Procedural History**

The early background and procedural history of these cases are set forth in this Court's prior Memoranda & Orders addressing defendants' motions to dismiss (Docket Nos. 32 and 62) and plaintiffs' motion to certify a class (Docket No. 196) in Painters and this Court's prior Memoranda & Orders addressing defendants' motion to dismiss (Docket No. 28) and plaintiffs' motion to certify a class (Docket No. 65) in Kiossovski.

A.  **Plaintiffs' motion to compel supplemental production of documents pursuant to Fed. R. Civ. P. 26(e)(1)**

Plaintiffs first object to Magistrate Judge Bowler's denial of their motion to compel a supplemental production of documents pursuant to Fed. R. Civ. P. 26(e)(1). This discovery dispute arises from Forest's production of two documents produced after the close of discovery in advance of plaintiffs Fed. R. Civ. P. 30(b)(6) deposition. The documents relate to the packaging issue in a clinical study ("MD-18") conducted by Forest to determine the safety and efficacy of Celexa for the treatment of depression in pediatric patients.

The MD-18 study was sponsored by Forest and conducted in the United States between 2000 and 2001, enrolling subjects aged 7-17. At the beginning of the study, Forest became aware that some study subjects in the "active" treatment group received bottles packaged with the pink citalopram pills sold

-3-

commercially, rather than the white citalopram pills used for the purposes of clinical studies. In March, 2000, Forest notified the study sites of the packaging error and instructed them to return the bottles for the subjects who had not yet been randomized. Later that month, Forest notified the FDA of the clinical supply packaging error and stated that the error had the "potential to cause patient bias", referencing the "eight potentially unblended patients". In 2002, the FDA determined that MD-18 was a positive study, supporting the conclusion that Celexa was effective for pediatric use.

Fact discovery in Painters closed in July, 2016 and in Kiossovski in January, 2017. The parties agreed, however, with the leave of this Court, to conduct a deposition pursuant to Fed. R. Civ. P. 30(b)(6) to allow plaintiffs to inquire about the packaging error. Prior to that deposition, counsel for Forest produced two documents detailing how the dispensing error occurred in MD-18. After the production of those documents, plaintiffs sent a discovery letter seeking to reopen discovery and requesting that Forest supplement its production to produce all documents related to the packaging error pursuant to its obligation to supplement discovery under Fed. R. Civ. P. 26(e)(1).

In March, 2017, after Forest refused to reopen discovery and make supplemental productions with respect to the packaging

-4-

error, plaintiffs filed a motion to compel supplemental production of documents which Forest opposed later that month. Magistrate Judge Bowler heard argument on the motion in April, 2017 and took the matter under advisement. On May 10, 2017, Magistrate Judge Bowler entered a memorandum and order denying plaintiffs' motion to compel. Plaintiffs timely filed their objections to that order shortly thereafter.

### B. Defendants' motion to quash third party subpoena of Lundbeck

Plaintiff Painters also objects to Magistrate Judge Bowler's order quashing its third party subpoena served on Lundbeck. That discovery dispute concerns a second clinical trial conducted to determine the efficacy of Celexa for pediatric use, Study 94404. Study 94404 was conducted by Lundbeck, the Danish pharmaceutical company which developed the drug molecules and licensed them to Forest.

Lundbeck has produced documents in this litigation in response to a subpoena served by plaintiffs in November, 2016. In May, 2017, nearly one year after discovery closed in the Painters action, Painters served a subpoena ad testificandum on Lundbeck. Forest moved to quash that subpoena in June, 2017, suggesting that it violated this Court's scheduling order without good cause and that any information sought through the subpoena would be duplicative. On December 13, 2017, Magistrate

Judge Bowler entered an electronic order allowing Forest's motion to quash. Painters timely filed its objections to that order on January 3, 2018.

**II.  Review of Magistrate Judge Rulings**

    **A.  Legal Standard**

If a party timely objects to the non-dispositive rulings of a magistrate judge on pretrial matters, the district judge must modify or set aside any part of the disputed order that is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). As another session of this Court has found,

> [a] respect for this standard is important, given the pivotal role that magistrate judges play in overseeing the conduct of the sort of complex pretrial discovery typified by this case.

Gargiulo v. Baystate Health Inc., 279 F.R.D. 62, 64 (D. Mass. 2012).

The "clearly erroneous" standard requires the district judge to accept the factual findings and conclusions of the magistrate judge unless, after reviewing the entire record, the district judge has a "strong, unyielding belief that a mistake has been made." Green v. Cosby, 2016 WL 554816, at *1 (D. Mass. Feb. 11, 2016)(citing Phinney v. Wentworth Douglas Hosp., 199 F.3d 1, 4 (1st Cir. 1999)).

Under the "contrary to law" requirement, the district judge reviews pure questions of law de novo, see PowerShare, Inc. v.

Syntel, Inc., 597 F.3d 10, 15 (1st Cir. 2010), and factual findings for clear error, Phinney, 199 F.3d at 4. Mixed questions of law and fact invoke a sliding scale of review pursuant to which

> [t]he more fact intensive the question, the more deferential the level of review (though never more deferential than the clear error standard); the more law intensive the question, the less deferential the level of review.

In re IDC Clambakes, Inc., 727 F.3d 58, 64 (1st Cir. 2013) (internal quotation marks omitted).

**B. Application**

**1. Objections to Magistrate Judge Bowler's Order denying plaintiffs' motion to compel supplemental production of documents pursuant to Fed. R. Civ. P. 26(e)(1)**

In their objection to Magistrate Judge Bowler's order on plaintiffs' motion to compel, plaintiffs contend that the order relied on an incorrect statement of the law and that, contrary to the order, the FDA is not the exclusive judge of safety and efficacy. Plaintiffs suggest that Magistrate Judge Bowler ignored new evidence related to the packaging error that they assert entitles them to further discovery. Plaintiffs ask this Court to reject Magistrate Judge Bowler's order and compel Forest to supplement its discovery responses to produce all documents related to the packaging error.

-7-

Forest rejects plaintiffs' characterization of Magistrate Judge Bowler's order, submitting that her order is a straightforward application of Fed. R. Civ. P. 26(e)(1). Forest disputes plaintiffs' claim that the order broadly states that all discovery related to MD-18 is irrelevant, instead stressing that the order simply concludes that there was no basis to reopen discovery. Forest maintains that plaintiffs have already conducted years of discovery on MD-18 and that additional discovery will not lead to additional information on the issue.

Under Fed. R. Civ. P. 26(e)(1), a party who has made disclosures under Rule 26(a) or has responded to another discovery request, must supplement or correct its discovery responses

> [i]f the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process . . . .

Fed. R. Civ. P. 26(e)(1). The duty to supplement, therefore, applies only where the supplemental material has not been otherwise made known to the requesting party. AVX Corp. v. Cabot Corp., 252 F.R.D. 70, 77 (D. Mass. 2008). Forest confirms its already substantial production of documents related to the packaging error, including the MD-18 study report, internal correspondence related to the error and the MD-18 statistician's files. Forest also recounts its responses to plaintiffs'

-8-

requests for admission on the topic and the deposition testimony of Dr. Laughren, a doctor employed by the FDA at the time of the packaging incident.

Accordingly, Magistrate Judge Bowler's order is neither clearly erroneous nor contrary to law but rather reflects a determination that the supplemental material requested by plaintiffs would be cumulative to information already produced by Forest in this litigation. Contrary to plaintiffs' suggestion, the order does not state that all discovery related to MD-18 is irrelevant and the reasoning does not rely on a judgment that the FDA is the exclusive authority with respect to a drug's safety or efficacy.

Forest satisfied its supplemental production obligation under Rule 26 with the prompt production of two documents discovered in the process of preparing for the Rule 30(b)(6) deposition. Cytyc Corp. v. Tripath Imaging, Inc., No. 03-11142-DPW, 2005 WL 1527883 (D. Mass. June 21, 2005) (holding that plaintiff satisfied its supplemental obligations under Rule 26 by providing requested production "as soon as reasonably possible after discovering the information"). That supplemental production does not trigger the broad reopening of discovery that plaintiffs seek here.

### 2. Objections to Magistrate Judge Bowler's Order granting defendants' motion to quash third party subpoena of Lundbeck

In its objection to Magistrate Judge Bowler's order on Forest's motion to quash, Painters complains that it began efforts to serve the subpoena before the close of discovery and that Forest was aware of those efforts. Painters asserts that it did not violate the scheduling order because it attempted service during the discovery period and, in any event, good cause exists for allowing a modification to allow Painters to depose Lundbeck.

Forest disputes Painters's characterization of the chain of events, stating that although it did not object to Painters's attempt to depose Lundbeck during the discovery period, it did not agree to any extension of discovery or exception to the scheduling order.

Fed. R. Civ. P. 16(b)(4) provides that the scheduling order in a case "may be modified only for good cause and with the judge's consent". Painters's assertion that it was unnecessary to file a motion to take the untimely deposition because of an understanding among the parties does not suffice. See e.g., Objective Interface Sys., Inc. v. Vertel Corp., No. 06-mc-10192, 2006 WL 13627, at *1 (D. Mass. May 16, 2006) (denying the motion to compel where the discovery deadline had passed and there was no request for an extension and making clear that "the parties

should not presume to amend court orders on their own"). Although the Court acknowledges the difficulties faced by the plaintiff in serving a subpoena given the complexities of the Hague Convention, Painters is not entitled to reopen discovery almost one year after the deadline, especially where they made no attempt to amend the scheduling order.

Accordingly, Magistrate Judge Bowler's order quashing the subpoena was neither clearly erroneous nor contrary to law under Fed. R. Civ. P. 72(a).

**ORDER**

For the foregoing reasons, plaintiffs' objections to the rulings by Magistrate Judge Bowler on plaintiffs' motion to compel (Painters and Kiossovski) (Docket No. 750) and defendant's motion to quash the third party subpoena (Painters) (Docket No. 843) are **OVERRULED** and those rulings are **AFFIRMED**.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated January 24, 2018